[Civ. No. 13984.  First Dist., Div. One.  May 25, 1949.]

FRANK CASTRO et al., Respondents, v. GIACOMAZZI BROS. et al., Appellants.

Campbell, Hayes & Custer, Robert E. Hayes and Edward J. Niland for Appellants.

Gomez & Nelson, Manny C. Gomez and Edward J. Nelson for Respondents.

WARD, J.—Defendants, individually and as copartners, appeal from a judgment entered after a jury verdict of $4,000 in favor of plaintiffs in a personal injury action, the result of an automobile accident. It is alleged in the complaint that in February, 1946, defendants so negligently parked a tractor and semitruck on a highway as to cause to violently collide with it an automobile operated by Frank Castro.

The evidence shows that the accident occurred about 8 p. m. outside of the city limits of San Jose. Plaintiff, Frank Castro, accompanied by his wife, Dora, was driving north at 25 miles an hour in the right hand lane of a three-lane highway. The lights from a car approaching in a southerly direction temporarily blinded him. He moved to the right and after the car had passed he saw a reflector on his right which he thought was on a post. He attempted to return to the highway and just at that moment hit the left-hand side of a parked truck belonging to Giacomazzi Brothers, damaging the right-hand side of his car. Defendants' truck and semitruck were parked 1 foot from the edge of the main lane with both dual tires of the semitruck on the improved shoulder. Trees next to where the truck was parked hindered its being pulled further from the main traveled portion of the highway. Though plaintiffs saw no lights on the truck, when police officers arrived at the scene of the accident two taillights and a clearance light were lighted. There were also three reflectors, one of which was damaged. Castro testified that his bright beam would reveal an automobile ahead " 'bout 150, 100 feet."

Defendants called the driver of the truck as a witness. He testified that he was employed by defendants to drive the truck; that at about a quarter to 8 or 8 o'clock he stopped the truck to go to a restaurant on the side of the road; that he put on his clearance light, headlights, and four lights on the back consisting of two taillights and two clearance lights; and that he was just reaching the restaurant when he heard a crash. After speaking to the plaintiff Frank Castro he checked his lighting, found a taillight and one clearance light broken. He testified that he replaced two of the lights and that his purpose was to demonstrate to the police officers that the lighting facilities were in good condition.

The collision rendered Mrs. Castro unconscious. Mr. Castro suffered an injury to his leg and chest. He was not hospitalized, but claimed he did not attend to his work for three months. Mrs. Castro, as the result of two broken ribs, an injured knee, blurry vision in one eye and soreness in the neck, remained in the hospital for 16 days.

The model "A" Ford which Castro was driving at the time had been purchased for $350 from one Grasko, who repurchased the car after the accident for $60. Towing costs of $14 and $20 for watching the car left a balance of $26 recovered for the car.

Defendants contend that there was no substantial evidence to show that defendants' negligence was the proximate cause of plaintiffs' injuries. They argue that the driver's negligence could be predicated only on two possible grounds: (1) his alleged violation of section 582 of the Vehicle Code, and (2) his alleged failure to display any lights on the parked truck. Defendants urge that even if the truck had been parked in violation of section 582 plaintiff's car was so far onto the shoulder that plaintiffs would still have crashed into the truck. As to the question whether the failure to display lights was the proximate cause of the accident, defendants conclude that plaintiff was totally blinded by the approaching lights and it does not appear that he would have been able to see the truck whether the clearance lights were on or not.

The question of proximate cause is a question of fact. Evidence that a motorist failed to see a parked car on the roadway, standing alone, is not sufficient to find that the motorist is negligent as a matter of law. It is the facts and circumstances surrounding the failure to see the parked car that is the determining factor. One may be guilty as a matter of law who fails to comply with the provisions of a statute or ordinance requiring certain lighting facilities attached to a motor vehicle, but whether with or without the designated lighting facilities a person would be able to see a parked car is a question of fact. The driving lights on the Castro car showed 150 feet ahead. There is evidence that the lights from a vehicle passing in the opposite direction momentarily blinded plaintiff Frank Castro, which caused him to swerve to the right. He testified, "I don't see no lights at all—no red lights, no nothing." Then the accident occurred. Whether plaintiffs should have stopped or slowed down also presents questions of fact. Frank Castro had stopped in a town some

distance away and consumed a bottle of beer, after which the plaintiffs continued their journey.

In the present case the preceding questions and whether the plaintiffs violated the law by driving from one lane to another may be considered in connection with the claim that plaintiffs were guilty of contributory negligence. ''The operator of a car obviously is not guilty of negligence as a matter of law merely because he drives the car into another lane or onto the left side of the highway.'' (*Finney* v. *Wierman,* 52 Cal.App.2d 282, 286 [126 P.2d 143].) In a violation of the law an unlawful act is presumed to carry with it an unlawful intent (Code Civ. Proc., § 1963, subd. 2), but the presumption is not conclusive and may be rebutted by evidence showing that the act was justifiable or excusable under the circumstances. Assuming that under the law one should drive in a certain lane of a highway, it is for the triers of that issue to determine if there is a reasonable excuse for such violation. It may be that the cause of the violation was under unusual conditions or beyond the control of the violator. (*Satterlee* v. *Orange Glenn School Dist.,* 29 Cal.2d 581 [177 P.2d 279].)

Through a mistake a statement made by plaintiff subsequent to the accident to police officers was read into the record. The statement reads in part: ''I was travelling towards San Jose and did not see this truck until I struck it. It did not have any tail lights lighted or reflectors on it. I did have one drink of wine in Gilroy before I had my dinner.'' The statement was self-serving, but not prejudicially erroneous.

The main question raised is whether plaintiffs failed to prove and recover on the cause of action stated in their complaint. The complaint alleged: ''That Giacomazzi Bros. is either a corporation or a partnership doing business under the name and style of Giacomazzi Bros. The true capacity of said organization is at this time unknown to plaintiffs and plaintiffs ask leave of Court to amend when the true names and capacities have been ascertained.'' The record does not show that a demurrer was filed. The introduction to the answer reads: ''Come now Wm. Giacomazzi and Elven Giacomazzi, individually and as co-partners doing business as as Giacomazzi Bros., and in answer to plaintiffs' complaint on file herein, admit, deny and allege as follows: . . .'' The required information having been set forth in the answer, it was not necessary to amend the complaint. If a matter is not directly made an issue in the pleadings, but evidence of such

facts is introduced without objection relief may be granted upon the evidentiary issue if it is pertinent to the general pleading. (14 Cal.Jur. § 62, p. 974.) "In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." (Code Civ. Proc., § 452.)

For the purposes of civil damages there is imputed to an owner of a motor vehicle liability and responsibility resulting from the negligence of a person using or operating such vehicle with the express or implied permission of the owner. (Veh. Code, § 402, subd. a.) In the present case the driver of the truck appeared as a witness and testified to the facts and circumstances surrounding the accident including the fact that he was employed by Giacomazzi Brothers and had been so employed for about two years. The driver reported the accident to one of the brothers, Elven Giacomazzi, who also appeared as a witness. There is ample evidence to show that the facts of the case are brought well within the provisions of the Vehicle Code, to the effect that the owners were liable under subdivision (a) of section 402. ██ There is authority holding that where the employee is driving his employer's car at the time of the accident it may be inferred that the car was operated with the owner's permission. (*Blank* v. *Coffin*, 20 Cal.2d 457 [126 P.2d 868] ; *Hicks* v. *Reis*, 21 Cal.2d 654 [134 P.2d 788].)

Subdivision (c) of section 402 provides that when such imputed evidence prevails the operator of the vehicle "shall be made a party defendant if personal service of process can be had upon said operator within this State." Upon recovery of judgment, recourse shall first be had against the operator's property. Subdivision (d) of the same section in part provides that "such owner is subrogated to all the rights of the person injured or whose property has been injured and may recover from such operator the total amount of any judgment and costs recovered against such owner." In the present case the operator could have been served.

The language of the section indicates that the Legislature intended that the operator should be served if "within this State." It is important to consider two points, jurisdiction and whether in this case the failure to serve the employee has resulted in a miscarriage of justice.

██ The superior court has jurisdiction over the party owner and the subject notwithstanding that the operator may not be a party to the action. The liability of the owner is not

dependent upon service of summons upon the operator of the vehicle. The operator is not an indispensable party to the maintenance of such an action. The liability is joint and several. (*Sayles* v. *Peters,* 11 Cal.App.2d 401 [54 P.2d 94] and cases cited therein; see, also, *Baugh* v. *Rogers,* 24 Cal.2d 200 [148 P.2d 633, 152 A.L.R. 1043].)

If the appearance of a party is indispensable (*Bank of California* v. *Superior Court,* 16 Cal.2d 516 [106 P.2d 879]) in the sense that it is a question of jurisdiction it may be raised at any time (*Hartman Ranch Co.* v. *Associated Oil Co.,* 10 Cal.2d 232 [73 P.2d 1163]), but otherwise a failure to object on the ground that a party who could has not been served is a waiver of the right to compel the opposing litigant to comply with the statute. (*Davidson* v. *Ealey,* 69 Cal.App.2d 254 [158 P.2d 1000].) As previously stated, the lack of service on the operator is not a matter that deprives the court of jurisdiction.

One instituting an action under the provisions of Vehicle Code, section 402 should comply with the statute to avoid possibility of reversal of a favorable judgment. The fundamental purpose of reviewing judgments and orders is to determine if there has been a miscarriage of justice. (Cal. Const., art VI, § 4½.) It may be that under some circumstances the failure to serve one operating a motor vehicle with the permission of the owner which was involved in an accident might result, after an examination of an entire cause, in demonstrating a miscarriage of justice. Such condition did not exist in the present case. The operator of the motor vehicle was a witness in the trial of the case. It does not appear from the record that the owners were prejudiced by the form of the pleading. In addition to the waiver it is interesting to note that defendants did not object on the trial or on appeal to the following instruction: "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

Defendants contend that it was error to give the following instruction: "Upon any highway outside of a business or residence district no person shall stop, park or leave stand-

ing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of the highway when it is practicable to stop, park or so leave such vehicle off such part or portion of said highway.'' There is evidence that the tractor was parked with certain parts off and other portions on the improved highway. There is also evidence that trees interfered with parking the tractor vehicle entirely off the improved highway, but there was evidence that proper parking facilities could have been obtained at another point on the road. The court did not attempt to instruct the jury that the truck was on or off the main portion of the highway. Error does not appear in the wording of the instruction or in the propriety of giving the instruction to the jury.

The nature and extent of the injuries have been heretofore related. The court instructed that in determining the amount of damages future physical or mental suffering and the extent and degree thereof, to which the injured party was reasonably entitled, could be considered; whether such injuries are temporary or permanent; the future power to earn money; the expense incurred for care and medical treatment and the loss of wages. Most of the paragraphs dealing with the subjects just noted contained the words ''if any.'' If the instruction was applicable to either plaintiff it was not erroneous in the absence of an offered instruction requesting that it should be confined to one plaintiff. Mrs. Castro testified that she still suffered from the injuries at the time of the trial some two years after the accident, and that she had been unable to work since the date of the accident. The jury had an opportunity to observe each plaintiff and determine the probability of continuance of the present physical conditions—the pain previously suffered and the probability of a continuation of that suffering. It was not necessary to produce an expert witness on the subject of pain or future earning ability. ██ However, attention has not been called to evidence of medical expenses, but in that regard the instruction read: ''. . . the sum that will fairly and reasonably compensate plaintiffs, or either of them, for the expenses, if any, that each has reasonably and necessarily incurred or paid for medical attention, such as physicians, hospitalization and drugs, and caring for him—and drugs and curing him of any injuries suffered as a direct and proximate result of the accident complained of; provided that you find from the evidence that plaintiffs sustained any injuries.'' The amount was to be computed, ''if any.'' If there was no evidence of

medical expenses, there was no necessity to give the instruction, but it has not been shown that defendants were prejudiced thereby.

Judgment affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied June 24, 1949, and appellants' petition for a hearing by the Supreme Court was denied July 21, 1949. Edmonds, J., and Schauer, J., voted for a hearing.