[Civ. No. 4766.   Fourth Dist.   Jan. 12, 1954.]

A. F. HARRIS, Respondent, v. SECURITY TRUST AND
SAVINGS BANK OF SAN DIEGO, as Administrator,
etc., Appellant.

Forgy, Reinhaus, Miller & Kogler for Appellant.

Fred N. Howser and Lloyd S. Verry for Respondent.

BARNARD, P. J.—This is an action for damages arising out of an automobile collision. On October 21, 1951, the plaintiff was driving on Highway 101 when a car driven by the deceased, Edwin T. Smith, entered the highway from an intersecting street. In the resulting collision Smith was killed and the plaintiff suffered injuries to both knees, a back injury, cuts on his chin, chest and head, and injury to the spleen area. He was taken to a hospital where surgery was performed, he was confined to his home for four or five months, and there is evidence that some of his injuries would be permanent.

In his complaint the plaintiff sought $35,000 as general damages and as special damages alleged medical expenses amounting to $669.73, loss of personal property amounting to $700, and that he was further damaged in the sum of $1,000 because he was required to employ the services of a substitute manager for his restaurant and café, and to pay this substitute the prevailing wage of $100 a week for 10 weeks.

Evidence was introduced which is sufficient to support these items of special damage. A jury returned a verdict in favor of the plaintiff for $12,500, and finding against the defendant on its cross-complaint. Judgment was entered accordingly and the defendant has appealed.

Appellant's sole contention is that the court erred by giving a portion of an instruction which reads as follows:

"The reasonable value of the time lost, if any, by said plaintiff since his injury wherein he has been unable to pursue his occupation. In determining this amount, you should consider evidence of said plaintiff's earning capacity, his earnings, and the manner in which he ordinarily occupied his time before the injury, and find what he was reasonably certain to have earned in the time lost had he not been disabled. A person's ability to work may have a monetary value to himself even though he is not gainfully employed by another. For example, if, as a result of being partially or wholly disabled, a person has been reasonably required to employ someone else to do things that such person, himself, ordinarily would do, the moneys paid out for such services are an element of the damages caused by the disability."

It is argued that it was prejudicial error to instruct the

jury upon plaintiff's right to recover for time lost when such issue was not before the jury, and because there was no evidence as to the value of the time lost by the plaintiff as the result of the injuries sustained in this accident; that not being applicable to the evidence this instruction was calculated to mislead the jury; that it would allow the jury's imagination to run wild; and that it is not possible to tell how much influence it had upon the jury.

The language complained of was a part of an instruction in which the court told the jury that if it found that the plaintiff was entitled to a verdict, in arriving at the amount of the award it should determine each of the items of claimed detriment mentioned in that instruction, "provided that you find it to have been suffered by him, and as a proximate result of defendant's negligence." (It was explained that by "defendant" it was intended to refer to the deceased.) The instruction then referred to the reasonable value, not exceeding the cost to the plaintiff, of the medical care, the reasonable value of any personal property destroyed as a result of the accident, reasonable compensation for pain and suffering, and made the reference to lost time as above quoted.

The court had previously instructed the jury that it must decide the issues on the evidence produced, and that if no evidence was produced on either side of any issue the jury's finding on such issue must be against the party who asserted the affirmative of that issue and who had the burden of proving it, as explained by the court. The instruction in question started out by stating that in arriving at the amount of the award the jury should determine as to each item of claimed detriment, provided that it found that item to have been suffered by the plaintiff. The quoted portion referred to the reasonable value of the time lost, "if any," and stated that in determining this amount the jury should consider any evidence of the plaintiff's earning capacity, and then went on to say that a person's ability to work may have a monetary value even though he is not gainfully employed by another, and that where one was required to employ another as a substitute, the cost thereof was an element of the damages caused by the disability.

The complaint here alleged the cost of hiring a substitute but did not otherwise allege the value of any lost time. It was incidentally brought out at the trial that the plaintiff was not only operating this restaurant but was also engaged in the used-car business. The used-car business was not

stressed, no effort was made to show time loss in connection therewith, and no attempt was made to show the value of time devoted to that business, but evidence was introduced as to the kind of work done at the restaurant and the cost of employing a substitute for that work. The portion of the instruction which is objected to was entirely proper insofar as it related to the required employment of a substitute. The first part of the portion objected to, referring to loss of time in general, was unnecessary but it was qualified by the words ''if any,'' and the jury had been told that where no evidence was produced on either side of any issue its finding on that issue must be against the party having the burden of proof. The second part then told the jury that the matter of hiring a substitute was one which was to be considered in that connection. There being no evidence of time lost, except as it was involved in the required hiring of a substitute manager for the restaurant, the jury, following the court's instructions, would naturally and logically consider only the latter element, which was specially alleged and upon which evidence was received. Under the circumstances, it must be held that no prejudice appears. (*Castro* v. *Giacomazzi Bros.*, 92 Cal.App.2d 39 [206 P.2d 688].) A substantial amount of special damage was proved and no complaint is made that the amount of the verdict, as returned by the jury, was excessive. There is nothing to indicate that the jury could have been, or was, misled and under the circumstances no prejudice appears. (*Melone* v. *Sierra R. Co.*, 151 Cal. 113 [91 P. 522] ; *Berkovitz* v. *American River Gravel Co.*, 191 Cal. 195 [215 P. 675].)

One error appears in that the judgment erroneously fails to provide for the payment thereof in due course of administration, as required by section 730 of the Probate Code. The judgment is modified by adding the words ''payable in due course of administration,'' to be inserted after the figure $12,500, and, as so modified, the judgment is affirmed. The respondent to recover costs.

Griffin, J., and Mussell, J., concurred.