[No. B018271. Second Dist., Div. Seven. Oct. 16, 1986.]

HELEN RACZYNSKI, Plaintiff and Respondent, v.
JOHN E. JUDGE, as Executor and Trustee, etc.,
Defendant and Appellant.

## COUNSEL

John E. Judge, in pro. per., for Defendant and Appellant.

Warren S. Jacobson for Plaintiff and Respondent.

## OPINION

**LILLIE, P. J.**—Defendant, John Judge, appeals from default judgment entered against him and in favor of plaintiff, Helen Raczynski.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff sued defendant, as trustee and executor for Patrick J. Byrne (decedent), seeking 50 percent of decedent's real and personal property on theories of breach of contract and breach of implied contract. Plaintiff requested that defendant produce certain documents indicating the assets of decedent's trust and estate. Upon defendant's failure to comply with the request, plaintiff moved for an order compelling production of the documents. (Code Civ. Proc., § 2034, subd. (a).) Defendant opposed the motion asserting the attorney-client privilege (Evid. Code, § 954). On February 15, 1983, the court granted plaintiff's motion and ordered defendant to produce the documents, without objection, within 20 days. On March 23, 1983, plaintiff filed a motion for contempt and sanctions for defendant's refusal to obey the discovery order of February 15. After being served with the motion and before hearing thereon, defendant produced one of the

---

[1]Defendant actually appeals from order denying his motion to reinstate his answer to the complaint and vacate his default, a nonappealable order. (Code Civ. Proc., § 904.1; *Winter v. Rice* (1986) 176 Cal.App.3d 679, 682 [222 Cal.Rptr. 340].) Inasmuch as default judgment was entered at the time defendant's notice of appeal was filed, we construe the notice to refer to the judgment. (See *Don v. Cruz* (1982) 131 Cal.App.3d 695, 699 [182 Cal.Rptr. 581]; *Uva v. Evans* (1978) 83 Cal.App.3d 356, 360 [147 Cal.Rptr. 795]; Cal. Rules of Court, rule 1(a).) The order is reviewable on the appeal from the judgment. (Code Civ. Proc., § 906; *Don v. Cruz, supra,* 131 Cal.App.3d 695, 699.)

documents requested. On April 12, 1983, the court granted the motion and ordered defendant to produce the remaining documents, without objection, on or before April 25, 1983. The court found that defendant's failure to comply with the previous discovery order was without good cause and ordered that he pay to the court the sum of $1,000 pursuant to Code of Civil Procedure section 177.5, such sum to be reduced to $500 if defendant timely complied with the discovery order of April 12.

*Prior Appeal*

On August 19, 1983, plaintiff moved: (1) to strike defendant's answer for his refusal to produce the remaining documents and pay sanctions as ordered on April 12 (Code Civ. Proc., § 177.5); (2) to enter default judgment in favor of plaintiff and against defendant (*id.,* § 2034); and (3) to impose sanctions (*id.,* § 128.5). On September 1, 1983, in response to the motion, the court ordered that defendant, on or before September 15, 1983, produce the requested documents, pay the court $1,000 in sanctions pursuant to Code of Civil Procedure section 177.5, and pay plaintiff's counsel $500 in sanctions pursuant to section 128.5; it was further provided that if defendant failed to comply with the foregoing order the court, on ex parte application by plaintiff, would strike defendant's answer and enter his default. Asserting that defendant failed to comply with the order, plaintiff informed defendant on January 31, 1984, that plaintiff would apply the following day for an ex parte order striking defendant's answer and imposing other sanctions. On February 1, 1984, pursuant to plaintiff's application, the court made an ex parte order striking defendant's answer, granting default judgment in favor of plaintiff and imposing sanctions of $500 on defendant pursuant to Code of Civil Procedure section 128.5.

Defendant appealed from the default judgment. This court rejected defendant's claim of applicability of the attorney-client privilege and upheld the order to produce documents, but reversed the judgment on the ground the ex parte notice given to defendant was inadequate and violated fundamental principles of due process. (*Raczynski* v. *Judge* (Dec. 12, 1984) No. B006520, unpub. opn.)[2]

*Present Appeal*

On March 25, 1985, plaintiff noticed a motion for order striking defendant's answer, entering default judgment in favor of plaintiff, and imposing sanctions against defendant. (Code Civ. Proc., §§ 2034, subd. (b)(2)(C),

---

[2]We take judicial notice of the record in *Raczynski* v. *Judge,* No. B006520. (See Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

128.5.) The record does not indicate that defendant opposed the motion. On April 23, 1985, the motion was granted; the court ordered that defendant's answer be stricken, that default judgment be entered in favor of plaintiff, and that defendant pay to plaintiff's attorney the sum of $600 pursuant to Code of Civil Procedure section 128.5. On October 15, 1985, defendant moved to set aside his default and reinstate his answer on the ground the court was without jurisdiction to make the order of April 23, 1985 because a petition under chapter 11 of the Bankruptcy Act, filed by defendant September 18, 1984, and dismissed June 20, 1985, imposed an automatic stay on all proceedings in this action.[3]

The motion was denied. Default judgment in the sum of $332,000 was entered in favor of plaintiff and against defendant. This appeal followed.

DISCUSSION

I

DEFENDANT'S STANDING TO PROSECUTE THE APPEAL

■ Plaintiff argues that defendant "lack[ed] capacity" to appeal as executor of the estate of decedent because the notice of appeal was filed after defendant's powers as executor were suspended and the public administrator was appointed as special administrator of the estate by orders made in the probate proceeding, of which we are asked to take judicial notice. The premise underlying plaintiff's contention is false. The notice of appeal was filed December 19, 1985, before the above mentioned orders in the probate proceeding were made (Mar. 14, 1986, and May 9, 1986, respectively). Accordingly, when the notice of appeal was filed defendant was executor of the estate and, as such, was a party aggrieved by the judgment with the right to appeal therefrom. (See Code Civ. Proc., § 902; *Winter* v. *Gnaizda* (1979) 90 Cal.App.3d 750, 754 [152 Cal.Rptr. 700].) As explained in *Estate of Kessler* (1948) 32 Cal.2d 367, 370 [196 P.2d 559]: "[I]f a claim 'may diminish the estate to be finally distributed, or may make the fund from which the creditors are to be paid insufficient for that purpose, the administrator is interested, and in the event of an adverse ruling is a party aggrieved.' [Citations.] 'To say that an administrator is not aggrieved, and,

---

[3]In his declaration in support of the motion, defendant referred to the title page of his petition and to an order of the United States Bankruptcy Court dismissing the petition. Such reference was a proper means of requesting the trial court to take judicial notice of those portions of the bankruptcy court's records. (See Evid. Code, §§ 452, subd. (d), 453; *Stepan* v. *Garcia* (1974) 43 Cal.App.3d 497, 500 [117 Cal.Rptr. 919].) Defendant's declaration stated that copies of the title page of the petition and the order were attached to the declaration and incorporated therein by reference. While the record on appeal does not include such copies, we assume they were included with the papers filed in the trial court.

therefore, has no right of appeal from a decree which he deems to be unjust, unwarranted, and detrimental to the estate which has been confided to his care, would be to deny him the performance of a plain duty devolving upon him through his appointment and his acceptance of the trust.' [Citation.]"

Pending appeal no proceedings were instituted for substitution of the public administrator as a defendant in place of the named defendant and appellant, John Judge, in his capacity as executor of the estate. (See Cal. Rules of Court, rule 48(a); 4 Cal.Jur.3d, Appellate Review, § 103, p. 154.) Accordingly, Judge remains the defendant of record. As such, he is entitled to prosecute the appeal. (See Code Civ. Proc., § 385, subd. (a); *Parker* v. *Superior Court* (1970) 9 Cal.App.3d 397, 400-401 [88 Cal.Rptr. 352, 67 A.L.R.3d 743].)

## II

### PROPRIETY OF ORDER STRIKING ANSWER AND ENTERING DEFAULT

■ Section 362(a), title 11 of the United States Code, provides that, with certain exceptions not applicable herein, "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of— [¶] (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . ." Under this provision the filing of a bankruptcy petition serves as an automatic stay of most actions or proceedings against the debtor (*In re Smith Corset Shops, Inc.* (1st Cir. 1982) 696 F.2d 971, 976); formal service is not required to effectuate the stay. (*United Northwest Fed'l Credit Union* v. *Arens* (1983) 233 Kan. 514 [664 P.2d 811, 813].) Actions taken in violation of the automatic stay are void and without effect. (*Borg-Warner Acceptance Corp.* v. *Hall* (11th Cir. 1982) 685 F.2d 1306, 1308.) ■ Relief from the order striking defendant's answer and entering his default was sought on the ground that such order was void because the court was without jurisdiction to make it in view of the automatic stay of section 362. (See *Estate of Casimir* (1971) 19 Cal.App.3d 773, 780 [97 Cal.Rptr. 623].) ■ "[A]n order which is in fact void for want of jurisdiction, but the invalidity of which does not appear from the record, may be set aside on motion within a reasonable time after its entry, not exceeding the time limit prescribed in section 473, Code of Civil Procedure, namely six months." (*Fidelity Bank* v. *Kettler* (1968) 264 Cal.App.2d 481, 486 [70 Cal.Rptr. 500].) ■ Defendant's motion to vacate the order, while timely, was properly denied.

The automatic stay provisions of section 362 apply to proceedings against the debtor, the debtor's property and the property of the bankruptcy estate. (*Foulke* v. *Lavelle* (1982) 308 Pa.Super. 131 [454 A.2d 56, 59].) "Upon the filing of a petition all of the debtor's property becomes property of the estate. The scope of the property defined by section 541 [of title 11 U.S.C.] to be property of the estate is broad; in general, all interests of a debtor, both legal and equitable, are property of the estate. [Citation.] The underlying theory of the section 'is to bring into the estate *all* interests of the debtor in property as of the date the case is commenced. Thus, as a general rule, the estate created under section 541 will include all legal or equitable interests of the debtor in property, both tangible and intangible, including exempt property, . . .' [Citations.]" (*Matter of Jones* (7th Cir. 1985) 768 F.2d 923, 926; original italics.)    Whether the debtor has an interest in property and, if he does, the nature of that interest generally requires resort to state law, both to determine whether property is an asset of the debtor and thus included in the bankruptcy estate, and to determine the nature of the property rights in the assets of the estate. (*Id.*, p. 927.)

In the present action, which defendant claims was stayed by the filing of his bankruptcy petition, defendant was sued in his capacity as executor of the estate of a decedent and trustee of an express trust.    (7) Under California law, title to the property of a decedent vests, subject to administration, in his heirs or devisees and legatees immediately upon his death. (Prob. Code, § 300; *Noble* v. *Beach* (1942) 21 Cal.2d 91, 94 [130 P.2d 426].) The executor or administrator is not the owner of the property; he is given possession of it solely for the purpose of enabling him to settle the affairs of the estate. (*Estate of Bixby* (1956) 140 Cal.App.2d 326, 334 [295 P.2d 68]; *Fountain* v. *Bank of America* (1952) 109 Cal.App.2d 90, 94-95 [240 P.2d 414].)    The creation of a trust divides title to the trust property, placing legal title in the trustee and equitable title in the beneficiary. (*Allen* v. *Sutter County Bd. of Equalization* (1983) 139 Cal.App.3d 887, 890 [189 Cal.Rptr. 101].)

Where the debtor has title to or possession of property at the time his petition in bankruptcy is filed, the bankruptcy court acquires exclusive jurisdiction over such property. (*Chichester* v. *Polikowsky* (9th Cir. 1955) 231 F.2d 183, 185.)    Property to which the debtor holds legal title but not equitable title, including property held by him as a trustee, becomes property of the estate to the extent of the debtor's legal title and not including any equitable interest in the property not held by the debtor. (11 U.S.C. § 541(d), and notes to § 541, par. 18.)    Inasmuch as the present action sought a portion of property to which defendant (as trustee) held the legal title, proceedings in that action were automatically stayed upon the filing of defendant's petition in bankruptcy. (11 U.S.C. § 362(a).) However,

such stay terminated automatically upon dismissal of the petition (§ 362(c)(2)(B); *United Northwest Fed'l Credit Union* v. *Arens, supra,* 664 P.2d 811, 813), which occurred June 20, 1985. "Unless the court, for cause, orders otherwise, the dismissal of a case . . . . [¶] (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." (§ 349(b), tit. 11 U.S.C.) The objective of this provision "is to undo the title 11 case, in so far as is practicable, and to restore all property rights to the position they occupied at the beginning of such case." (2 Collier, Bankruptcy (15th ed. 1986) ¶ 349.01, p. 349-2; fn. omitted.) "Undo" means "to make of no effect or as if not done." (Webster's New Internat. Dict. (3d ed. 1981) p. 2492.) Thus, while the order striking defendant's answer and entering his default was made on April 23, 1985, the subsequent dismissal of the bankruptcy petition served to validate that order. It follows that the default judgment, which was entered after dismissal of the petition and termination of the stay, is valid despite the fact it is based on an order made in this lawsuit while the stay was in effect.

Insofar as the judgment runs against defendant as executor of decedent's estate, it is erroneous in that it fails to provide for the payment thereof "in the due course of administration," as required by section 731 of the Probate Code.[4] Such error may be corrected by modifying the judgment. (*Fogarty* v. *McGuire* (1959) 170 Cal.App.2d 405, 412 [338 P.2d 992]; *Harris* v. *Security Trust & Sav. Bank* (1954) 122 Cal.App.2d 512, 515 [265 P.2d 555]; *Hume* v. *Lacey* (1952) 112 Cal.App.2d 147, 149 [245 P.2d 672].)

## III

### Sanctions for Frivolous Appeal

Plaintiff asks that we impose sanctions against defendant for taking a frivolous appeal. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a).) Under the standards set forth in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 648-651 [183 Cal.Rptr. 508, 646 P.2d 179], we cannot say that the appeal is frivolous.

---

[4]Probate Code section 731: "When a judgment rendered against an executor or administrator upon a claim for money against the estate of the decedent becomes final, it conclusively establishes the validity of the claim for the amount of the judgment. *The judgment shall provide that it is payable in the due course of administration.* An abstract of the judgment shall be filed in the administration proceedings." (Italics added.)

## Disposition

The judgment is modified by adding the phrase "payable in the due course of administration," to be inserted after the word "deceased"; as so modified the judgment is affirmed. Plaintiff shall recover costs on appeal.

Thompson, J., and Johnson, J., concurred.