Filed 9/28/17 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SHAWN HIGGINS,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>    Respondent;<br><br>---<br><br>FRANCISCA CABANDONG et al.,<br><br>    Real Parties in Interest. | D071353<br><br>(San Diego County Super. Ct.<br> No. 37-2012-00097695-CU-BC-CTL)<br><br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on September 28, 2017, be modified as follows:

1.    On page 15, line 3, immediately above the Disposition, change the number "208" in both instances in that line to "308,", so the line reads as follows:

Higgins at least 308 days after the three years had expired (453 - 145 = 308).

There is no change in the judgment.

HUFFMAN, Acting P. J.

Copies to:  All parties

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SHAWN HIGGINS, | D071353 |
| Petitioner, | |
| v. | (San Diego County Super. Ct. No. 37-2012-00097695-CU-BC-CTL) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| FRANCISCA CABANDONG et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDING in mandate. Joel R. Wohlfeil, Judge. Petition granted.

Dinsmore & Shohl, Joseph Samuel Leventhal and Jessica G. Wilson for Petitioner.

No appearance for Respondent.

Gregory Jon Anthony for Real Party in Interest.

Francisca Cabandong filed the underlying action in May 2012 and served Shawn Higgins with a summons and third amended complaint in August 2016. In this writ proceeding, petitioner Higgins challenges the trial court's denial of his motion to dismiss real party in interest Cabandong's lawsuit on the basis that Cabandong failed to serve Higgins with the summons and complaint within three years of the commencement of the action, as required by the mandatory provisions of Code of Civil Procedure section 583.210, subdivision (a).[1] In denying Higgins's motion, the court ruled that the three-year period had not expired, since the action had been stayed from March 13, 2014, when codefendant Ronald Powell filed bankruptcy, until July 29, 2016, when the bankruptcy court granted Cabandong's motion to lift the automatic stay that became effective upon the filing of Powell's bankruptcy.

We issued an order to show cause and now grant the petition. As a matter of law, the automatic stay that applied to claims against *debtor Powell* did not apply to Cabandong's claims against *nondebtor Higgins*. Accordingly, the trial court erred in ruling that Powell's bankruptcy stay affected Cabandong's obligation or ability to serve Higgins in this action. Because Cabandong served Higgins more than three years after commencement of this action, section 583.250 requires that Cabandong's underlying lawsuit against Higgins be dismissed.

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

2

I.

FACTUAL AND PROCEDURAL BACKGROUND

On May 21, 2012, Cabandong filed the underlying action in the respondent San Diego County Superior Court against Powell, Powell Financial Services, Inc. (PFS), and Does 1 through 100.[2]  Later in May 2012, Cabandong filed a first amended complaint, and Powell appeared in the action in July 2012.  Although the parties have not provided copies of these complaints, based on other documents in the record, we understand that Cabandong sued Powell and PFS for a return of $155,000 that Cabandong allegedly loaned to PFS in 2008.

In March 2014, Powell filed for voluntary bankruptcy under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California, resulting in case No. 14-01904-LT7 (Bankruptcy Case).  Three months later in June 2014, Cabandong filed an adversary proceeding against Powell in the United States Bankruptcy Court for the Southern District of California, resulting in adversary No. 14-90107-LT (Adversary Proceeding).[3]  In the Adversary Proceeding, Cabandong alleged that the debt underlying the $155,000 loan that was the subject of the

---

[2]     The superior court's register of actions reflects that PFS was a California corporation dissolved in February 2012.  PFS is not a party to this writ proceeding and its corporate status is irrelevant to the issues in this writ proceeding.

[3]     An adversary proceeding is an " '[a]ction' " or " 'civil action' " brought under the Bankruptcy Code.  (Fed. Rules Bankr. Proc., rule 9002(1).)  Adversary proceedings are governed by the rules of part VII of the Federal Rules of Bankruptcy Procedure, rule 7001 et seq., and the 10 types of claims that can be brought in an adversary proceeding are set forth in rule 7001.

state court action against Powell was nondischargeable under title 11 United States Code section 523.[4] (See Fed. R. Bankr. Proc., rules 7001(6), 9002(1) [to determine the dischargeability of a debt, the creditor's civil action in bankruptcy court is an adversary proceeding].)

On August 5, 2014, the bankruptcy court granted Powell a discharge in the Bankruptcy Case. (11 U.S.C. § 727.) On August 11, 2014, the bankruptcy court approved the report of the trustee of Powell's bankruptcy estate, closed the Bankruptcy Case, and discharged the trustee. The Adversary Proceeding continued, and by this point in time, all that had happened was that Powell had answered Cabandong's complaint.

In August 2016, following a motion in the superior court by Cabandong based on facts that her attorney learned during discovery in the Adversary Proceeding, the court allowed Cabandong to file a third amended complaint in the underlying action.[5] In the third amended complaint, Cabandong identified Higgins as Doe 2 and realleged certain causes of action and asserted new causes of action against Higgins, PFS and Does 1 and 3 through 20 — all based on the $155,000 that Cabandong allegedly loaned to PFS in 2008.

---

[4]      More specifically, Cabandong asserted two claims for relief under title 11 United States Code section 523, which provides in part: "(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt — [¶] . . . [¶] (2) for money . . . , to the extent obtained by — [¶] (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; [or ¶] . . . [¶] (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]"

[5]      The superior court's register of actions reflects that "th[e]re is no second amended complaint."

4

At all times, Cabandong has contended that the filing of the August 2016 third amended complaint relates back to the May 2012 filing of the action.

Cabandong served Higgins with the summons and third amended complaint on August 16, 2016.

Higgins responded to Cabandong's third amended complaint with a motion to dismiss the May 2012 action for failure to have served the summons and complaint "within three years after the action is commenced against the defendant," as required by section 583.210, subdivision (a).[6] Higgins brought his motion pursuant to section 418.10, subdivision (a)(3), which allows in part for a defendant's initial appearance to be a motion to dismiss the action for failing to serve the summons and complaint within three years in violation of section 583.210, subdivision (a). As relevant to the issue in this writ proceeding, Higgins contended that none of the statutory exclusions or tolling provisions applicable to the three-year mandatory provision was applicable,[7] expressly arguing that the automatic stay in the Bankruptcy Case *applicable*

---

[6] "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision, an action is commenced at the time the complaint is filed." (§ 583.210, subd. (a).)

[7] The statutory exclusions involve situations in which "the defendant enters into a stipulation in writing or does another act that constitutes a general appearance in the action." (§ 583.220.)
The period for service of the summons and complaint is tolled for any time during which: "(a) The defendant was not amenable to the process of the court. [¶] (b) The prosecution of the action or proceedings in the action was stayed and the stay affected service. [¶] (c) The validity of service was the subject of litigation by the parties. [¶] (d) Service, for any other reason, was impossible, impracticable, or futile due to causes beyond the plaintiff's control. . . ." (§ 583.240.)

5

*to debtor Powell* did not affect the service of the summons and complaint in the underlying action *on nondebtor Higgins*.

Cabandong opposed Higgins's motion. To the extent her opposition dealt with a potential tolling of the three-year requirement (§ 583.240, subds. (b), (d); see fn. 7), Cabandong relied on a July 29, 2016 bankruptcy court order *in the Adversary Proceeding*, in which the court granted a motion by Cabandong to lift the automatic stay so that Cabandong could proceed with all causes of action in the underlying state court action against all defendants except the debtor, Powell (Bankruptcy Court Ruling).

Higgins filed a reply, arguing in part that, because he had been amenable to service of process at all times since *May 2012* when Cabandong filed the state court action, the service of the summons and complaint in *August 2016* was untimely for purposes of section 583.210, subdivision (a).

Following oral argument, the trial court denied Higgins's motion in a signed minute order.[8] The court found that the automatic stay *applicable to debtor Powell* had precluded the prosecution of the state court action *against nondebtor Higgins* between the date of Powell's bankruptcy in March 2014 and the date of the Bankruptcy Court Ruling in July 2016. Thus, for purposes of applying section 583.210, subdivision (a), the court ruled that by excluding the two years four months between those two events, Cabandong

---

[8]    At oral argument, the court also denied Cabandong's request for judicial notice. Although the court's minute order does not reflect the ruling, the parties do not raise any issue or argument regarding this ruling.

had served Higgins with the summons and complaint within three years of the commencement of the action.

Higgins timely filed a petition and supporting documents in this court, seeking a writ of mandate to require the trial court to dismiss the action as to him. (§ 418.10, subd. (c).) We requested and Cabandong provided an informal letter response, followed by a request for judicial notice and a corrected informal letter response. We issued an order to show cause, denied Cabandong's request for judicial notice, and stayed the superior court action as to Higgins. Higgins filed a return, and we entertained oral argument.

## II

## DISCUSSION

As we explain, because the automatic stay in the Bankruptcy Case applied only to claims against the debtor, Powell, and not to claims Cabandong may have had against Higgins, Cabandong could have named and served Higgins at any time. Having served Higgins with the summons and complaint more than three years after filing the underlying action, Cabandong violated section 583.210. The superior court erred in concluding otherwise and in not dismissing the action as to Higgins.

A.    *Law*

The policy of the State of California is "that a plaintiff shall proceed with reasonable diligence in the prosecution of an action." (§ 583.130.)

Section 583.210, subdivision (a) requires that a defendant be served with the summons and complaint within three years after the action is commenced. (See fn. 6,

7

*ante*.)  Pursuant to section 583.250,[9] "[d]ismissal for failure to serve within three years is mandatory, subject only to exceptions as expressly provided by statute."  (*Sanchez v. Superior Court* (1988) 203 Cal.App.3d 1391, 1396 (*Sanchez*).)  Cabandong does not rely on any of the statutory exceptions in section 583.220.  (See fn. 7, *ante*.)  Rather, she relies on section 583.240, which tolls the period for service of the summons and complaint during any time in which the prosecution of the action was stayed and the stay affected service (*id.*, subd. (b)) or in which service was impossible, impracticable, or futile due to causes beyond the plaintiff's control (*id*., subd. (d)).  (See fn. 7.)  Cabandong's position is based on the effect of the bankruptcy stay associated with Powell's Bankruptcy Case.

The filing of a voluntary chapter 7 bankruptcy petition "operates as a stay, applicable to all entities, of —  [¶]  (1) the commencement or continuation . . . of a judicial . . . action or proceeding *against the debtor*."  (11 U.S.C. § 362(a)(1), italics added; accord, *Pennsylvania Public Welfare Dept. v. Davenport* (1990) 495 U.S. 552, 560, fn. 3 [11 U.S.C. § 362(a) stay automatically "protects *a debtor* from various collection efforts" (italics added)]; *Webster v. Superior Court* (1988) 46 Cal.3d 338, 349, fn. 8.)  " 'The automatic stay is self-executing and is effective upon filing the bankruptcy petition.' "  (*Shaoxing County Huayue Import & Export v. Bhaumik* (2011) 191

---

9        "(a) If service is not made in an action within the time prescribed in [section 583.210, subdivision (a)]:  [¶]  (1) The action shall not be further prosecuted and no further proceedings shall be held in the action.  [¶]  (2) *The action shall be dismissed by the court* on its own motion or on motion of any person interested in the action, whether named as a party or not, after notice to the parties.  [¶]  (b) *The requirements of this article are mandatory* and are not subject to extension, excuse, or exception except as expressly provided by statute."  (§ 583.250, italics added.)

Cal.App.4th 1189, 1196 (*Shaoxing*); accord, *Valencia v. Rodriguez* (2001) 87 Cal.App.4th 1222, 1226 (*Valencia*).)  Significantly, "the automatic stay of judicial proceedings against a debtor in bankruptcy does not apply to nondebtor codefendants." (*Cross v. Cooper* (2011) 197 Cal.App.4th 357, 365, fn. 2 (*Cross*); accord, *Danko v. O'Reilly* (2014) 232 Cal.App.4th 732, 748 (*Danko*) [" 'automatic stay does not . . . apply to nondebtor entities such as . . . *codefendants*' "].)  As a general rule, therefore, because "the automatic stay protects only the *debtor*," the "[b]ankruptcy of one defendant in a multidefendant case does not stay the case as to the remaining defendants."  (March et al., Cal. Practice Guide:  Bankruptcy (The Rutter Group 2016) ¶ 8:100, p. 8(I)-8, ¶ 8:125, p. 8(I)-11 [citing federal authorities].)

In denying Higgins's motion, the superior court ruled that the automatic stay in the Bankruptcy Case terminated as of the July 2016 Bankruptcy Court Ruling.  While not stating so directly, the court necessarily applied a tolling provision — either because the state court action was stayed (§ 583.240, subd. (b)) or because service was impossible, impracticable or futile due to causes beyond Cabandong's control (*id.*, subd. (d)) — to conclude that Cabandong served Higgins with the summons and complaint within three years of filing the original complaint.  In doing so, the court applied legal criteria (effect of the bankruptcy stay) to undisputed facts (dates of filing of the underlying action and Bankruptcy Case and of service on Higgins).  Accordingly, we review de novo the trial court's ruling.  (See *International Engine Parts, Inc. v. Feddersen & Co.* (1995) 9 Cal.4th 606, 611 [applying statute of limitations to undisputed facts is "a question of law"].)

9

Higgins suggests that the potential issues for our consideration are reviewed for an abuse of discretion.[10] That may be an appropriate standard to review a superior court's determination whether the plaintiff's ability to serve the defendant was affected by a stay (§ 583.240, subd. (b)) or an impossibility, impracticality or futility due to causes beyond the plaintiff's control (*id.*, subd. (d)). However, as applicable here, *before* the court could have exercised its discretion in these areas, it necessarily must have assumed or concluded that the automatic stay affected Cabandong's prosecution of the action against Higgins. Because, as we explain in our independent review, such an assumption or conclusion was erroneous as a matter of law, the court should not have reached — and we express no opinion regarding — issues in which the court may have had discretion to extend section 583.210, subdivision (a)'s three-year period upon a sufficient showing.

B.      *Analysis*

Cabandong filed her lawsuit in May 2012, but did not serve Higgins with a summons and complaint until more than three years later in August 2016. Thus, unless more than 15 months of that time is excluded, section 583.250 mandates that the action be dismissed. (*Sanchez*, *supra*, 203 Cal.App.3d at p. 1396; see fn. 9, *ante*.)

Cabandong's reliance on the automatic stay associated with Powell's Bankruptcy Case is misplaced.[11] Although that stay was automatic as a matter of law when Powell

---

10      Cabandong does not suggest a standard of review.

11      Cabandong argues: "[T]he prosecution of the action was stayed from and after Mr. Powell's bankruptcy filing on March 13, 2014, until the Bankruptcy Court entered [the Bankruptcy Court Ruling] . . . on July 29, 2016."

filed his chapter 7 petition (*Shaoxing*, *supra*, 191 Cal.App.4th at p. 1196; *Valencia*, *supra*, 87 Cal.App.4th at p. 1226), that stay applied *only to the debtor*, defendant Powell, *not to the nondebtor*, codefendant Higgins. (*Cross*, *supra*, 197 Cal.App.4th at p. 365, fn. 2; *Danko*, *supra*, 232 Cal.App.4th at p. 748.)

Cabandong argues that *all proceedings* in the underlying action, not just the claims against Powell, were stayed as of the date of Powell's bankruptcy in March 2014. In support of her position, Cabandong relies on a "Notice of Stay of Proceedings" that *she prepared and filed* in the underlying action on June 6, 2014. This pleading is a Judicial Council form intended for use where, as applicable here, there is an "[a]utomatic stay caused by a filing in . . . a federal bankruptcy court."[12] (Cal. Rules of Court, rule 3.650(b)(4).) Cabandong checked the box on the form indicating that the case was stayed as "to all parties" due to Powell's automatic stay.[13] From this language, Cabandong argues that the superior court's record establishes that the automatic stay (applicable to debtor Powell) precluded her from proceeding against (nondebtor) Higgins. Cabandong's notice, however, is not a court order staying the entire action; at best, the

[12]  In opposition to Higgins's motion, Cabandong asked the superior court to take judicial notice of this pleading. (See fn. 8, *ante.*) The court denied Cabandong's request for judicial notice on the basis that the court did not need to take judicial notice of a pleading in the court's file. Accordingly, because this notice was cited by a party and in the court's file, we will assume that the notice was properly before the trial court and thus is properly part of the record in this writ proceeding.

[13]  Cabandong attached a copy of one page of a three-page March 2014 bankruptcy court notice of Powell's Bankruptcy Case. Curiously, Cabandong's attorney who signed the notice declared under penalty of perjury that he is "the attorney for the party who requested or caused the stay."

form reflects Cabandong's counsel's mistaken belief that the automatic stay in Powell's Bankruptcy Case applied to nondebtor defendants in the underlying action.[14] (Compare *Highland Stucco & Lime, Inc. v. Superior Court* (1990) 222 Cal.App.3d 637, 644 [Where, in multiparty complex litigation, the trial court stayed "proceedings other than those having to do with abatement and the statute of limitations," the stay "clearly affected the service of process in that it precluded service upon additional defendants until the stay was lifted."].)

Thus, at *no time* did the automatic stay against Powell affect Cabandong's ability to proceed against Doe 2 or Higgins. Stated differently, at *all times* since the filing of the underlying action in May 2012, Cabandong could have served process and prosecuted her claims against Higgins.

Cabandong explains that she did not know of Higgins's identity or involvement until after discovery in the Adversary Proceeding and that once she learned of his involvement, she promptly took affirmative action in both the bankruptcy court (related to the automatic stay) and the superior court (related to the third amended complaint). However, Cabandong's explanation is irrelevant, since for purposes of computing the

---

[14]     Cabandong tells us that *Powell* also filed a similar notice on April 19, 2016, and although the document is not properly part of the record in this writ proceeding, the register of actions supports her statement. Like the notice from Cabandong, however, a notice by Powell as to the effect of the stay in his Bankruptcy Case is irrelevant to the issue under consideration. *As a matter of substantive law*, the automatic stay in Powell's Bankruptcy Case precluded the prosecution of the action against only the debtor, Powell. (*Cross*, *supra*, 197 Cal.App.4th at p. 365, fn. 2; *Danko*, *supra*, 232 Cal.App.4th at p. 748.)

12

three years in which the plaintiff must serve the defendant, "[f]ailure to discover relevant facts or evidence is not a cause beyond the plaintiff's control. . ." (§ 583.240, subd. (d)). (*Republic Corp. v. Superior Court* (1984) 160 Cal.App.3d 1253, 1256 [under predecessor to § 583.240, subd. (d), plaintiff's failure to discover the true identity or facts showing the liability of an unserved Doe defendant insufficient excuse for delay in service of summons on real defendant].)

In a related argument, Cabandong is wrong in suggesting that, because the filing of the third amended complaint in which she identified Higgins as Doe 2 relates back to the filing of the original complaint, the service of the summons and third amended complaint also relates back to the filing of the original complaint. The relation-back doctrine applicable to a fictitiously named defendant and the requirement that a plaintiff serve the summons and complaint within three years are independent concepts. Thus, even where the filing of an amended complaint on a Doe defendant relates back to the filing of an original complaint, the plaintiff must nonetheless identify and serve a Doe defendant with a summons and complaint within three years of the commencement of the action. (*Lopa v. Superior Court* (1975) 46 Cal.App.3d 382, 387-390 [under predecessor to § 583.210, subd. (a)]; see § 583.250, subd. (d) [requirements of § 583.210 et seq. "are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute"].)

The remainder of Cabandong's arguments are based on Higgins being a necessary and indispensable party for purposes of joinder under section 389. Cabandong does not attempt to establish, however, that Higgins is, in fact, necessary or indispensable, and on

13

that basis, Cabandong forfeited consideration of the arguments.  (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)

In closing, we note that the premise for *all* of Cabandong's bankruptcy-related arguments — namely, that the automatic stay was in effect until the Bankruptcy Court Ruling in July 2016 — is erroneous.  Although we do not base our opinion on the following conclusion, *as a matter of law*, the automatic stay in Powell's Bankruptcy Case expired on August 5, 2014 — i.e., the date on which debtor Powell received a discharge.[15]  (11 U.S.C. § 362(c)(2)(C).)  Accordingly, the automatic stay was in effect merely 145 days (Mar. 13, 2014 - Aug. 5, 2014), yet Cabandong served Higgins with the summons and complaint 453 days more than three years after filing the action (May 21,

---

[15]    Based on Powell's discharge in bankruptcy, we also reject Cabandong's suggestion that the Bankruptcy Court Ruling in *the Adversary Proceeding* somehow resurrected and then lifted the automatic stay in *the Bankruptcy Case* that had already expired as a matter of law.  The automatic stay neither arises in nor is affected by an *adversary proceeding*; in a chapter 7 case, the stay arises as a matter of law " 'upon filing the bankruptcy petition,' " which results in a *bankruptcy case* (*Shaoxing*, *supra*, 191 Cal.App.4th at p. 1196; see 11 U.S.C. § 362(a)), and expires when the debtor receives a discharge in the *bankruptcy case* (11 U.S.C. § 362(c)(2)(C)).

14

2015 - Aug. 16, 2016).[16]  Even if we were to assume there was a basis on which to toll the time to have served Higgins due to the automatic stay, Cabandong still served Higgins at least 208 days after the three years had expired (453 - 145 = 208).

## DISPOSITION

Let a writ of mandate issue directing the superior court to vacate the portion of its November 4, 2016 minute order denying Higgins's motion to dismiss and to enter a new order granting the motion.  The stay previously issued by this court is dissolved upon issuance of the remittitur.  Higgins is awarded his costs in this proceeding.  (Cal. Rules of Court, rule 8.493(a).).

O'ROURKE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

NARES, J.

---

[16]    Once "a bankruptcy discharge is entered, it *replaces the automatic stay* with a permanent injunction against such judicial proceedings."  (*Weakly-Hoyt v. Foster* (2014) 230 Cal.App.4th 928, 931, italics added.)  That is because a discharge in bankruptcy operates as an injunction against any action to collect a discharged debt.  (11 U.S.C. § 524(a)(2).)  Like the automatic stay, "the postdischarge injunction affect[s] only the personal liability of *the debtor*"; the postdischarge injunction "do[es] not extend to third parties liable for the same debt."  (*Weakly-Hoyt*, at pp. 931-932; italics added.)