Filed 10/21/14

<u>**CERTIFIED FOR PUBLICATION**</u>

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| KATHI WEAKLY-HOYT, | F067626 |
| Plaintiff and Respondent, | (Super. Ct. No. 668595) |
| v. | |
| LAWRENCE H. FOSTER et al., | **OPINION** |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Stanislaus County.  Hurl W. Johnson III, Judge.

Bruce P. Grego for Defendants and Appellants.

Arata, Swingle, Sodhi & Van Egmond and George S. Arata for Plaintiff and Respondent.

-ooOoo-

Defendant appeals from a default judgment entered against him, contending his default was improperly entered because plaintiff failed to serve him with a statement of damages prior to entry of his default, which denied him his last opportunity to plead to the complaint and avoid a default.  Because of the effect of the bankruptcy proceedings on the claims against defendant, we find no error in the trial court's proceedings and affirm the judgment.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff filed a medical malpractice complaint against defendant, a plastic surgeon. Defendant did not answer the complaint, but apparently notified plaintiff that he had filed a bankruptcy proceeding. On January 24, 2012, plaintiff obtained an order from the bankruptcy court granting her relief from the automatic stay of proceedings against the debtor. The order permitted her to proceed with her action, "so long as recovery against debtor is limited to available insurance proceeds." On July 19, 2012, plaintiff requested, and the trial court entered, defendant's default. On April 1, 2013, plaintiff served on defendant's insurer, with a courtesy copy to defendant, a notice of default hearing, accompanied by a statement of damages; the statement of damages requested $41,800 for future medical expenses, $1,400 for loss of earning capacity, and $250,000 for general damages. Plaintiff filed affidavits in support of her request for damages, including the affidavit of an expert witness, who opined that defendant's care and treatment of plaintiff failed to meet the applicable standard of care, recommended further treatment to alleviate the effects of defendant's negligence, and estimated the cost of such future care.

Defendant appeared at the default hearing, attempted to file a trial brief, and orally argued that the matter could not proceed because he had not been served with a statement of damages and the matter was stayed by his bankruptcy proceeding. The trial court rejected defendant's arguments, found plaintiff had proved her case, and awarded her damages totaling $293,240, plus costs. Defendant appeals from the judgment, contending plaintiff was required to serve him with a statement of damages before requesting entry of default, plaintiff did not comply with that requirement, and when she did serve a statement of damages, it acted as an amendment of the complaint, opened up his default, and entitled him to an opportunity to file a response to the complaint.

2

## *DISCUSSION*

Defendant contends plaintiff was required to serve a statement of damages on him before she could enter a default and default judgment against him, and the statement of damages, when served, opened up the default, so he should have been given an opportunity to file a responsive pleading. Under the circumstances of this case, we disagree.

The parties do not dispute the relevant facts; they differ only as to the legal consequences of those facts. Interpretation of the applicable laws and their application to undisputed facts present questions of law that are subject to de novo review. (*Morgan v. United Retail Inc.* (2010) 186 Cal.App.4th 1136, 1142.)

The filing of a bankruptcy proceeding operates as a stay of "the commencement or continuation … of a judicial … action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case." (11 U.S.C. § 362(a)(1).) When a bankruptcy discharge is entered, it replaces the automatic stay with a permanent injunction against such judicial proceedings. (*In re Gibellino-Schultz* (Bankr. E.D. Pa. 2011) 446 B.R. 733, 738.)

The automatic stay and the postdischarge injunction affect only the personal liability of the debtor; generally, they do not extend to third parties liable for the same debt, such as insurers that insure against losses that are the subject of pending litigation against the debtor. (*Carway v. Progressive County Mut. Ins. Co.* (Bankr. S.D. Tex. 1995) 183 B.R. 769, 774; *Green v. Welsh* (2d Cir. 1992) 956 F.2d 30, 35 (*Green*).) The bankruptcy court may grant relief from the automatic stay to enable a plaintiff to proceed with an action against the debtor, when the plaintiff seeks only to establish the debtor's liability, and there are no monetary consequences for the debtor, as opposed to the insurer. (*In re Fernstrom Storage & Van Co.* (7th Cir. 1991) 938 F.2d 731, 735.) This procedure is consistent with the purposes of a bankruptcy discharge. Congress intended

the discharge and permanent injunction provisions "to free the debtor of his personal obligations while ensuring that no one else reaps a similar benefit." (*Green,* at p. 34.) They were "designed to give the debtor a financial 'fresh start,'" not to "provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured." (*In re Jet Florida Systems, Inc*. (11th Cir. 1989) 883 F.2d 970, 972, 975.) Discharge does not "preclude a suit tailored solely to determining the debtor's liability as a precondition for recovery against the debtor's liability insurer." (*Green,* at p. 34.)

Defendant filed his bankruptcy proceeding prior to entry of default and default judgment in plaintiff's medical malpractice action. His bankruptcy filing had the effect of automatically staying plaintiff's action. Plaintiff obtained relief from the automatic stay in order to proceed with her claim, to establish defendant's liability so she could recover from his liability insurer. Plaintiff's motion for relief from the automatic stay was granted only "as to the interest of the trustee"; it was "moot as to the interest of the debtor." The bankruptcy court's order stated "[t]here is no bankruptcy impediment to the continued prosecution of [the medical malpractice case], so long as recovery against debtor is limited to available insurance proceeds." Plaintiff obtained this relief before she had the default and default judgment entered. Thus, at that time, plaintiff was barred by the stay from proceeding against defendant to obtain a judgment holding him personally liable for her alleged injuries; she could only obtain a determination of his liability as a means of establishing her right to payment from defendant's liability insurer.

Code of Civil Procedure section 425.10[1] provides in relevant part that, in an action for "damages for personal injury or wrongful death, the amount demanded shall not be stated" in the complaint. (*Id*., subd. (b).) In such an action, however, the plaintiff must

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

4

serve on the defendant a "statement setting forth the nature and amount of damages being sought" before a default may be taken.  (§ 425.11, subds. (b), (c).)  "The purpose of [section 425.10] is to protect defendants from adverse publicity resulting from inflated demands.  [Citation.]  Section 425.11 was designed to give defendants 'one last clear chance' to respond to allegations of complaints by providing them with 'actual' notice of their exact potential liability.  [Citation.]"  (*Connelly v. Castillo* (1987) 190 Cal.App.3d 1583, 1588.)

Service of a statement of damages on defendant personally was prohibited by the automatic stay and would have served no purpose.  The automatic bankruptcy stay prevents either party from proceeding with the stayed action.  (See *Ingersoll-Rand Financial Corp. v. Miller Mining Co.* (9th Cir. 1987) 817 F.2d 1424, 1426-1427 [holding that an appeal by the defendant-debtor, which was filed after commencement of the debtor's bankruptcy proceeding and challenged the judgment in favor of the plaintiff, was automatically stayed because it was a continuation of a judicial proceeding against the debtor].)  The bankruptcy stay prevented plaintiff from proceeding against defendant personally.  It also prevented defendant from filing responsive papers in the medical malpractice action.

The order granting relief from the stay permitted plaintiff to recover damages only against defendant's insurer.  Accordingly, she served the statement of damages on the insurer; she sent only a courtesy copy to defendant, making it clear she was not attempting to proceed against him.  Further, since plaintiff was not seeking any amount of damages against defendant personally, there was no amount of damages to disclose to him in a statement of damages.  Thus, there was no need to give defendant a last chance to plead to plaintiff's complaint, after apprising him of the actual amount of his potential liability; due to his bankruptcy filing and the bankruptcy court's order granting limited relief from the automatic stay, he faced no potential personal liability in plaintiff's case.

5

Plaintiff contends only an aggrieved party may appeal a judgment (§ 902), and defendant is not aggrieved by the judgment because his debt has been discharged and he cannot be required to pay the judgment. In his reply brief, defendant suggests he is aggrieved because he will be subject to other adverse consequences of the judgment against him, such as mandatory reporting of the judgment to medical authorities (Bus. & Prof. Code, § 801.01, subd. (a)(1).) Those nonmonetary consequences are irrelevant to the purposes to be served by a statement of damages, however. The purpose of the statement of damages is to notify defendants of the extent of their potential liability for monetary damages, so they can make an informed decision whether to defend the action or default, in cases where the plaintiff is prohibited from alleging the amount of damages sought in the complaint itself. As discussed above, information about the extent of defendant's potential monetary liability was unnecessary because any judgment for money damages could not be enforced against him.

Other potential consequences that might have affected defendant's choice to defend the action or default arose from the nature of claims made in the complaint, not from the amount of damages sought. For example, defendant would face a potential requirement to report the judgment under Business and Professions Code section 801.01 because the complaint alleged medical negligence. That potential would have been apparent from the allegations of the complaint, regardless of the amount of monetary damages sought; it would not have been affected by the service of a statement of damages.

When plaintiff sought entry of defendant's default and served the statement of damages, she was proceeding only against the insurer. The statement of damages did not amend the complaint in any respect relevant to defendant. It disclosed the damages plaintiff was claiming, but defendant personally was not potentially liable for those damages. The statement of damages did not change the nature of the claims being made

6

against defendant or the potential ancillary consequences of those claims. Consequently, as to defendant, service of the statement of damages was not analogous to a substantive amendment of the complaint, which affords a defendant affected by it another opportunity to respond.[2]

Under the circumstances of this case, service of the statement of damages on defendant was not necessary or permitted by the bankruptcy stay, would have served no useful purpose, and did not open up the default and allow defendant to answer the complaint.

## *DISPOSITION*

The judgment is affirmed. Plaintiff is entitled to her costs on appeal.


_____
HILL, P. J.

WE CONCUR:


_____
LEVY, J.


_____
KANE, J.

---

[2] When, after a defendant's default has been entered, the plaintiff amends the complaint in a matter of substance, the amendment opens the default, it must be served on the defendant, and the defendant is entitled to an opportunity to respond. This rule does not apply when the amendment is one of form, or one that is immaterial as far as the defaulting defendant is concerned. (*Leo v. Dunlap* (1968) 260 Cal.App.2d 24, 27, 28.)