Filed 10/2/20 Tanriverdi v. County of San Bernardino CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| VERDI TANRIVERDI, | |
| Plaintiff and Appellant, | E073470 |
| v. | (Super.Ct.No. CIVDS1811731) |
| COUNTY OF SAN BERNARDINO, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County. Thomas S. Garza, Judge. Affirmed.

Verdi Tanriverdi, Plaintiff and Appellant in pro. per.

Michelle D. Blakemore, County Counsel, and Mitchell L. Norton, Deputy County Counsel, for Defendant and Respondent.

Verdi Tanriverdi brought two previous actions against the County of San Bernardino (County); both were dismissed. When he brought this third action, the trial court sustained the County's demurrer, based on res judicata, and dismissed it, too.

Tanriverdi appeals. He contends:

1

1. The trial court erred by vacating the default judgment that Tanriverdi had obtained against the County based on his first proof of service.

2. The trial court erred by refusing to enter a default judgment based on Tanriverdi's second proof of service.

3. The trial court erred by refusing to accept Tanriverdi's third proof of service for filing.

4. The trial court erred by denying Tanriverdi's motion to change venue.

5. The trial court erred by sustaining the County's demurrer based on res judicata.

6. The trial judge was biased.

Tanriverdi has not shown any reversible error. Hence, we will affirm.

I

PROCEDURAL BACKGROUND[1]

In May 2018, Tanriverdi filed this action against the County. The complaint is not in the record.

---

[1] The following account is based on the appellate record, as designated by Tanriverdi. At oral argument, Tanriverdi offered to submit additional documents. If this is a request to augment the record, it comes too late. (*People v. Preslie* (1977) 70 Cal.App.3d 486, 492.) If it is a request to submit additional evidence, it is not proper. "[N]ormally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' [Citation.]" (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3) We can take additional evidence only in "'exceptional circumstances'" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405), and even then only when it would lead to affirmance rather than reversal. (*Wachovia Bank v. Lifetime Industries, Inc.* (2006) 145 Cal.App.4th 1039, 1048.)

In June 2018, Tanriverdi filed a proof of service (first proof of service); it recited that he had served the summons and complaint by mail, accompanied by a notice and acknowledgement of receipt, on the County Tax Collector. However, no signed acknowledgement of receipt was attached. At Tanriverdi's request, the trial court entered a default judgment against the County for $465,491.87.

Ten days later, the County filed a motion to "expunge" the default judgment. In November 2018, after hearing argument, the trial court granted the motion. It ruled that the Tax Collector was not authorized to accept service for the County. It also ruled that Tanriverdi needed to file a signed acknowledgement of receipt. It advised him to seek legal assistance.

The next day, Tanriverdi filed a motion for a change of venue, on the ground that the trial court "favored San Bernardino County, the defendant, and was biased in its decision." The trial court denied the motion. Once again, it advised him to seek legal assistance, suggesting Legal Aid or the county bar association.

Also in November 2018, Tanriverdi served the summons and complaint again. He filed a proof of service (second proof of service), but it is not in the record. At his request, the trial court entered the County's default. However, it refused to enter a default judgment, because the second proof of service was "improper."

In March 2019, Tanriverdi served the summons and complaint a third time, by personal service on the clerk of the Board of Supervisors. He attempted to file a proof of

3

service (third proof of service). It is not in the record. The trial court rejected it, with the notation, "Need original signature on form initials not accepted." (Capitalization altered.)

In April 2019, Tanriverdi filed an amended complaint. As a result, the trial court set aside the County's default. The amended complaint is not in the record.

In May 2019, the County made a general appearance by filing a demurrer to the amended complaint, based on res judicata. In July 2019, after hearing argument, the trial court sustained the demurrer. Accordingly, it entered a judgment of dismissal.

## II

## THE FIRST PROOF OF SERVICE

Tanriverdi contends that the trial court erred by vacating the default judgment, which was based on the first proof of service.

The County has not responded to this contention. It addresses only the order sustaining its demurrer based on res judicata. It brushes off "extraneous matters like service of process and the default judgment that did not play any role in the trial court's dismissal" as irrelevant.

Not so. If the trial court erred by vacating the default judgment, then Tanriverdi would be entitled to have the default judgment reinstated. That would mean the County had no right to file the demurrer. Even if the demurrer was meritorious, we would have to reverse the dismissal and reinstate the default judgment.

We expect more assistance from County Counsel. Nevertheless, the County's failure to respond to this contention is not a concession. Even when the respondent

4

wholly fails to file a brief, the appellant is not automatically entitled to a reversal. (*Petrosyan v. Prince Corp.* (2013) 223 Cal.App.4th 587, 593, fn. 2.) "[T]he appellant[] still bears the affirmative burden to show error. [Citation.]" (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1342.)

The trial court ruled that service on the Tax Collector was not service on the County. That was correct.

A public entity must be served "by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." (§ 416.50, subd. (a).)[2] The County's governing body is its Board of Supervisors (Board). (Cal. Const., art. 11, § 1, subd. (b); Gov. Code, § 23005; *County of Sonoma v. Superior Court* (2009) 173 Cal.App.4th 322, 344, fn. 9.) Tanriverdi served the County Tax Collector, but the County Tax Collector is not the clerk, secretary, president, presiding officer, or head of the Board.

Tanriverdi relies on section 416.50, subdivision (b), which provides: "As used in this section, 'public entity' includes the state and any office, department, division, bureau, board, commission, or agency of the state, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in this state." He argues that the Office of the Tax

---

**2** This and all further statutory citations are to the Code of Civil Procedure, unless otherwise indicated.

5

Collector is a "public entity" and that he properly served the Tax Collector as the head of this public entity.

There are two problems with this.

First, the Office of Tax Collector has no governing body (unless it is the Board). The Tax Collector is the head of his office, but he is not the head *of the governing body* of his office, because there is no such thing.

Second — and more important — Tanriverdi sued the County; he did not sue the Tax Collector. Thus, the only relevant "public entity" is the County. And under section 416.50, subdivision (a), Tanriverdi must serve "the clerk, secretary, president, presiding officer, or head" of the governing body of the County. Serving the head of the governing body of some other public entity is ineffective.

The trial court also ruled that the service was ineffective because Tanriverdi failed to submit a signed acknowledgement of receipt. That was also correct.

Section 415.30 permits service by mail. It requires that the summons and complaint be accompanied by a notice and acknowledgement of receipt. (§ 415.30, subd. (a).) It then provides: "Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." (§ 415.30, subd. (c).) Here, the proof of service did not show that an acknowledgement of receipt was ever signed or returned.

As Tanriverdi points out, if the defendant fails to return the acknowledgement of receipt, the plaintiff can recover the "reasonable expenses thereafter incurred in serving or attempting to serve the [defendant] by another method . . . ." (§ 415.30, subd. (d).) This does not help him. It simply confirms that the service is ineffective, and the plaintiff must effect service by another method. After that — and only after that — does the trial court have jurisdiction over the defendant so that it can award expenses. Indeed, only after that are there any expenses to be awarded. As of November 2018, when the trial court vacated the default, Tanriverdi had not yet served the County by any other method.

III

THE SECOND PROOF OF SERVICE

Tanriverdi contends that the trial court erred by refusing to enter a default judgment based on the second proof of service and ruling instead that it was improper.

The second proof of service is not in the record. Accordingly, Tanriverdi cannot show that it was *not* improper.

"It is fundamental that an order is presumed correct, and the burden of affirmatively demonstrating error is on the appellant. [Citation.] This places on appellant the burden to provide an adequate record on appeal to allow the reviewing court to assess the purported error [citation], and if the record on appeal does not contain all of the documents or other evidence considered by the trial court, a reviewing court will 'decline to find error on a silent record . . . .' [Citation.]" (*569 E. County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 434, fn. 9.)

7

## IV

## THE THIRD PROOF OF SERVICE

Tanriverdi briefly contends that the trial court erred by rejecting the third proof of service on the ground that it was signed only with initials, because "[t]hose were not initials but [the] signature of the server . . . ."

The third proof of service is not in the record. Accordingly, Tanriverdi cannot show that it was properly signed. (See part III, *ante*.)

Even assuming the trial court did err, Tanriverdi cannot show prejudice. (Cal. Const., art. VI, § 13; Code of Civ. Proc., § 475; *Elsner v. Uveges* (2004) 34 Cal.4th 915, 939.) The rejection of the proof of service made no difference. Tanriverdi could not have gotten a default judgment based on the third proof of service, because he filed an amended complaint, which would have opened any default. (*Weakly-Hoyt v. Foster* (2014) 230 Cal.App.4th 928, 934, fn. 2.) The County then promptly made a general appearance by filing a demurrer.

## V

## MOTION TO CHANGE VENUE

It is not clear whether Tanriverdi contends that the trial court erred by denying his motion to change venue. He includes this on a list of the trial court's supposed errors, but he never explains why his motion was meritorious.

We deem this contention forfeited. An appellate brief must "support each point by argument and, if possible, by citation of authority . . . ." (Cal. Rules of Court, rule

8

8.204(a)(1)(B).) "One cannot simply say the court erred, and leave it up to the appellate court to figure out why. [Citation.]" (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.) "'We are not bound to develop appellants' argument[s] for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat [a] contention as waived.' [Citation.]" (*Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 964.)

We cannot help noting, however, that Tanriverdi failed to show any grounds for a change of venue. A change of venue may be granted "[w]hen there is reason to believe that an impartial trial cannot be had" in the current venue. (§ 397, subd. (b).) Tanriverdi claimed the trial judge was biased (see part VII, *post*.) Even assuming, for the sake of argument, that this was true, there was no reason to suppose that every judge in San Bernardino County was also biased.

If a litigant believes a particular judge is biased, his or her remedy is a motion to disqualify that judge under section 170.3, not a motion to change venue.

VI

RES JUDICATA

Tanriverdi contends that the trial court erred by sustaining the County's demurrer based on res judicata.

A. *Additional Factual and Procedural Background.*

The County's demurrer showed that Tanriverdi had filed two previous actions against the County.

9

He filed the first action in 2015, as the trustee of two named trusts. He alleged that the County had improperly given notice of a tax sale of the trusts' real property. He sought declaratory and injunctive relief. On July 26, 2016, the action was dismissed without prejudice, due to Tanriverdi's failure to appear at trial. (§ 581, subd. (b)(5).)

Meanwhile, on July 22, 2016, Tanriverdi filed the second action, as the trustee of the same two trusts. The allegations and the relief sought were virtually identical to those in the first action. In March 2017, the trial court sustained the County's demurrer, on three alternative grounds:

1. "[T]he action is barred by the applicable statute of limitations as reflected in Revenue and Taxation Code section 4808."

2. "Plaintiff[] failed to pay the taxes in dispute before filing this action as required by Revenue and Taxation Code section 4807."

3. "Plaintiff has failed to exhaust the available administrative remedies prior to filing this lawsuit . . . ."

Accordingly, it entered a judgment of dismissal.

B.      *Discussion*.

Tanriverdi is correct that the judgment in the first action is not res judicata. It was expressly without prejudice. (*Brown v. Shroeder* (1927) 88 Cal.App. 192, 208.)

He argues that the judgment in the second action also is not res judicata for three reasons.

10

First, he argues that it was not a decision on the merits. "Res judicata gives conclusive effect to a final judgment on the merits in subsequent litigation of the same controversy." (*People v. Davis* (1995) 10 Cal.4th 463, 514, fn. 10.) "[F]or purposes of applying the doctrine of res judicata, however, a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action. [Citations.]" (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 793.)

Second, he argues that the second judgment was based on his failure to pay the taxes before filing the action; he implies that he has since paid the taxes, and hence he should be allowed to proceed. However, this was not the sole basis of the second judgment. The second action was also dismissed because the applicable statute of limitations had run, and because Tanriverdi had failed to exhaust his administrative remedies. He does not claim to have cured these two defects.

Third, he argues, more generally, that the causes of action that he is asserting in this action arose after the judgment in the second action. We cannot tell if this is true, because the record does not include either the complaint or the amended complaint. Thus, we do not know what causes of action he is asserting nor what facts he is alleging to support them. "'"It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant."'" [Citation.]" (*Mack v. All Counties Trustee Services, Inc.* (2018) 26 Cal.App.5th 935, 940.)

11

Tanriverdi does *not* argue that res judicata does not apply here because he brought the two prior actions in his capacity as trustee. "Ordinarily, an argument not raised in the opening brief is forfeited on appeal. [Citation.]" (*Antounian v. Louis Vuitton Malletier* (2010) 189 Cal.App.4th 438, 455.)

If only out of an excess of caution, however, we note that "[a] party appearing in two lawsuits in different capacities will . . . be estopped by the doctrine of res judicata where that party is in fact litigating the same right in both suits. [Citations.]" (*Ramona Manor Convalescent Hospital v. Care Enterprises* (1986) 177 Cal.App.3d 1120, 1143.) We repeat that, without the operative complaint, we cannot tell whether or not Tanriverdi is litigating the same right(s). We must presume he is.

VII

JUDICIAL BIAS

Tanriverdi contends, more or less throughout his opening brief, that the trial judge was biased against him. He claims to know this because the judge's repeated rulings against him were, in his view, erroneous. He has concluded that, the trial judge is biased in favor of the County as a litigant because he works in San Bernardino County.[3]

Tanriverdi forfeited any claim of judicial bias by failing to bring a disqualification motion below. (§ 170.3, subd. (c)(1); *People v. Guerra* (2006) 37 Cal.4th 1067, 1110-

---

[3] Tanriverdi does not argue that the trial judge *worked for* the County. California judges work for the state. (*County of Sonoma v. Workers' Comp. Appeals Bd.* (1990) 222 Cal.App.3d 1133, 1142-1143, 1145.)

1111, disapproved on unrelated grounds in *People v. Rundle* (2008) 43 Cal.4th 76, 151; see also *Tri Counties Bank v. Superior Court* (2008) 167 Cal.App.4th 1332, 1339.)

He additionally forfeited any such claim by failing to file a prompt writ petition. An appellate court can review a claim of judicial bias only by writ, not by appeal. (§ 170.3, subd. (d); *People v. Lucas* (2014) 60 Cal.4th 153, 304, disapproved on unrelated grounds in *People v. Romero and Self* (2015) 62 Cal.4th 1, 53, fn. 19.)

In any event, as we have already held, the trial court's rulings were not erroneous (or, at least, Tanriverdi has not shown that they were). And even if they were, that would not be sufficient to show bias. "[M]ere judicial error is not conclusive evidence of bias or grounds for disqualification . . . ." (*People v. Superior Court* (*Dorsey*) (1996) 50 Cal.App.4th 1216, 1231.) "'[A] trial court's numerous rulings against a party — even when erroneous — do not establish a charge of judicial bias, especially when they are subject to review.' [Citation.]" (*People v. Farley* (2009) 46 Cal.4th 1053, 1110.)

## VIII

## DISPOSITION

The judgment appealed from is affirmed.  The County is awarded costs against

Tanriverdi.

NOT TO BE PUBLLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.

MILLER
J.