Filed 2/17/22  Perez v. Langerica CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DAMIAN PEREZ,<br><br>　　　Plaintiff and Appellant,<br><br>　　v.<br><br>NICHOLAS LANGERICA,<br><br>　　　Defendant and Respondent. | B304082<br><br>(Los Angeles County Super. Ct. No. BC659198) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge.  Affirmed.

Kassouni Law and Timothy V. Kassouni for Plaintiff and Appellant.

Berman, Berman, Berman, Schneider & Lowary, Mark E. Lowary, Kelly M. Henry and David H. Ryan for Defendant and Respondent.

_____

# INTRODUCTION

Plaintiff Damien Perez appeals after the trial court granted summary judgment and entered judgment in favor of defendant Nicholas Langerica. On appeal, plaintiff does not contest the merits of summary judgment. Rather, he argues that Langerica should not have been allowed to answer plaintiff's first amended complaint because Langerica was defaulted on the original complaint fifteen months earlier. We affirm the trial court's decision denying plaintiff's motion to strike Langerica's answer, concluding plaintiff's first amended complaint contained a material change and effectively vacated the default.

## FACTS AND PROCEDURAL BACKGROUND

### 1. Plaintiff's Lawsuit

On July 13, 2016, someone shot plaintiff outside of the rehabilitation home run by Victory Outreach Salinas where plaintiff was residing; the gunshot paralyzed him. On April 26, 2017, plaintiff sued Victory Outreach International, Victory Outreach Salinas, the rehabilitation home's manager, and Langerica (a pastor who worked for Victory Outreach). The complaint alleged the following causes of action: (1) negligence against all defendants, (2) negligent hiring against Victory Outreach International and Victory Outreach Salinas, (3) negligent supervision/training against Victory Outreach International and Victory Outreach Salinas, and (4) respondeat superior against Victory Outreach International and Victory Outreach Salinas.

The first cause of action for negligence was the only cause of action brought against Langerica. Plaintiff alleged that Langerica was a Victory Outreach employee and supervised the rehabilitation home's manager. The complaint stated that plaintiff was a gang member with a visible gang tattoo on his neck, and that plaintiff sought to remove his tattoo numerous

2

times during his residency at the home. The complaint asserted Langerica had acknowledged that plaintiff's neck tattoo endangered plaintiff and should be removed. Plaintiff alleged the manager of the home assigned plaintiff to pass out leaflets in Chinatown despite knowing it was a dangerous location inhabited by rival gang members. He asserted, "DEFENDANTS breached their duty of care to PLAINTIFF by failing to take reasonable safety precautions, and assigning PLAINTIFF to pass out leaflets on behalf of the DEFENDANTS without first removing his visible neck tattoo." He stated that this negligence caused him to be shot after transporting other residents of the rehabilitation home.

In the second cause of action for negligent hiring, plaintiff alleged Victory Outreach International and Victory Outreach Salinas hired unfit or incompetent employees—namely the home manager and Langerica—to manage the residents. In the third cause of action, plaintiff asserted that Victory Outreach International and Victory Outreach Salinas "failed to supervise, instruct and/or train its subsidiaries, pastors, managers, and/or other staff on" "when and how visible gang-related tattoos, should be removed from its residents' body [sic] prior to assigning the residents to volunteer in public." The fourth cause of action for respondeat superior alleged that Victory Outreach was responsible for the home manager's and Langerica's negligence. Plaintiff requested general damages, special damages, statutory remedies, prejudgment interest, costs, and attorney's fees recoverable by statute or state law.

On July 22, 2017, plaintiff personally served Langerica at his home on Cedar Street with the complaint and the statement of damages. Defendant did not file a response to the complaint.

Plaintiff then requested entry of default, but never served the notice on Langerica's correct address, instead serving it three

3

times on a Verona Court address.  On October 17, 2017, the trial court entered default against Langerica.

### 2. *First Amended Complaint, Langerica's Answer, Plaintiff's Motion to Strike*

On January 9, 2018, plaintiff filed a first amended complaint.  The first amended complaint withdrew the fourth cause of action for respondeat superior, the prayer for relief for statutory remedies, and the request for attorneys' fees.  The first amended complaint also amended some factual allegations in the negligent hiring and negligent supervision claims.

On February 5, 2019, Langerica filed an answer to the first amended complaint.

On March 14, 2019, plaintiff moved to strike defendant's answer on the ground that the first amended complaint contained no substantive or material changes with respect to Langerica, and therefore did not open the default.  In his opposition to the motion to strike, Langerica asserted he was never served with the request for entry of default and that the first amended complaint opened the default.

The trial court denied the motion, concluding that the first amended complaint contained substantive changes and opened the default.  The court stated:  "The first amended complaint contained two substantive changes.  First, Plaintiff withdrew the cause of action for respondeat superior against the codefendants.  Second, Plaintiff dropped the prayer for 'statutory remedies provided under California law' and 'Attorney's fees recoverable by statute or state law,' which were asserted against 'Defendants, and each of them.' "  The court continued:  "Plaintiff argues that the substantive changes do not support Defendant's position because they did not relate to him.  That is not correct, as the prayer for statutory remedies and attorney's fees had been made against all defendants, 'each of them,' including Defendant.

4

Regardless, the substantive change of dismissing a cause of action against the codefendants supports Defendant's position. Simply, the law favors cases being resolved on the merits, so any ambiguity on this issue must be interpreted in favor of Defendant."

On June 17, 2019, plaintiff filed a petition for writ of mandate or other appropriate relief with this court, seeking to set aside the trial court's denial of the motion to strike and reinstate defendant's default. (See *Perez v. Superior Court*, case No. B298405.) On July 12, 2019, we summarily denied the petition.

### 3. *Dismissal Following Motion for Summary Judgment*

Langerica moved for summary judgment in May 2019, asserting that Langerica had no duty to plaintiff because he did not occupy a supervisory role, never breached a duty to plaintiff, and committed no action that caused plaintiff's injuries, and since plaintiff assumed the risk of the injuries he sustained. In November, plaintiff opposed the motion, asserting Langerica had a special relationship with plaintiff, failed to give plaintiff a referral letter to get his tattoo removed, and plaintiff did not assume a risk that absolved Langerica from his obligation to assist plaintiff in the removal of the gang tattoo.

On November 18, 2019, the trial court granted Langerica's motion for summary judgment. The court found plaintiff could not prove duty, breach, or causation. On December 11, 2019, the trial court's judgment in favor of defendant was filed and Notice of Entry of Judgment was served on December 24, 2019.

Plaintiff appeals.

### DISCUSSION

Plaintiff's sole contention is that the court should have granted his motion to strike Langerica's answer to the first amended complaint because Langerica was in default. At issue is

5

whether the first amended complaint "opened" the default under existing law, thus allowing Langerica to answer.

### 1. *Applicable Law*

"When, after a defendant's default has been entered, the plaintiff amends the complaint in a matter of substance, the amendment opens the default, it must be served on the defendant, and the defendant is entitled to an opportunity to respond.  This rule does not apply when the amendment is one of form, or one that is immaterial as far as the defaulting defendant is concerned."  (*Weakly-Hoyt v. Foster* (2014) 230 Cal.App.4th 928, 934, fn. 2 (*Weakly-Hoyt*); *Gerardo v. Gerardo* (1952) 114 Cal.App.2d 371, 374 ["It is well established law that where, after the default of a defendant has been entered, the complaint is amended in matters of substance as distinguished from mere matters of form, the amendment opens the default."].)  "An amendment of the complaint is material if it subjects the defendant to increased damages."  (*Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1744; *Engebretson & Co. v. Harrison* (1981) 125 Cal.App.3d 436, 440.)[1]

"The parties do not dispute the relevant facts; they differ only as to the legal consequences of those facts.  Interpretation of the applicable laws and their application to undisputed facts present questions of law that are subject to de novo review." (*Weakly-Hoyt, supra,* 230 Cal.App.4th at p. 931.)

### 2. *The First Amended Complaint Contained Substantive Changes and Opened the Default*

Plaintiff asserts:  "the changes made to the original Complaint could not possibly broaden or increase the liability to

---

[1]    Plaintiff asks us to adopt a specific test for materiality that has been proposed by a California practice guide.  We decline as it is unnecessary for our decision.

which Langerica was already subject because of his default." We disagree.

As the trial court pointed out, plaintiff's first amended complaint eliminated the cause of action for respondeat superior. In doing so, plaintiff subjected Langerica to a greater risk of damages as Victory Outreach International and Victory Outreach Salinas could no longer be held jointly liable for the damages attributable to Langerica's alleged negligence. As originally alleged, plaintiff could have executed any judgment solely on the two Victory Outreach defendants, subject to later application of comparative negligence principles, thus sparing Langerica from loss.

We conclude that the first amended complaint opened the default. The trial court did not err in refusing to strike Langerica's answer.

## DISPOSITION

We affirm the court's order. Defendant and respondent Nicholas Langerica is awarded costs on appeal.

RUBIN, P.J.

WE CONCUR:

BAKER, J.

MOOR, J.

7