Filed 11/8/24  Pinesett v. Coral Motel CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANDRE PINESETT, | G062843 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 30-2021-01179977) |
| CORAL MOTEL et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a judgment of the Superior Court of Orange County, John C. Gastelum, Judge. Affirmed.

Law Offices of Frank A. Weiser and Frank A. Weiser for Defendants and Appellants.

Law Offices of Gene J. Goldsman, Gene J. Goldsman and Ernest J. Lingenfelter for Plaintiff and Respondent.

Plaintiff Andre Pinesett sued defendants Coral Motel, Balubhai Patel, and Jaymanti M. Patel for personal injury. Along with the complaint, defendants were personally served with a statement of damages seeking $1,400,000 in general damages and $700,000 in special damages. Defendants answered the complaint but failed to appear at four separate case management conferences set by the trial court. Eventually, the court struck their answer and entered their default. Defendants were given timely notice of the entry of default but did not seek to set it aside. Almost a year later, the court entered default judgment for plaintiff in the sum of just over $350,000.

Defendants appeal from the judgment and all prior adverse collateral orders, asserting: (1) the statement of damages was unsigned and therefore could not support the default judgment; (2) judgment was entered on a de facto amendment of the complaint; (3) the trial court's entry of default violated due process; and (4) the underlying complaint failed to state a claim. We find no reversible error and affirm.

FACTS

In January 2021, plaintiff filed a complaint for personal injury against defendants and personally served defendants with the complaint and summons, an ADR package, and a statement of damages on Judicial Council form CIV-050. The statement of damages sought $1,400,000 in general damages ($700,000 for pain, suffering, and inconvenience and $700,000 for emotional distress) and $700,000 in special damages ($30,000 in medical expenses to date, $250,000 in future medical damages, $10,000 in loss of earnings to date, $400,000 in loss of future earning capacity, and $10,000 in

2

property damage). Defendants, through counsel, filed an answer in February 2021.

The trial court held case management conferences on July 27, 2021, October 18, 2021, January 11, 2022, and February 22, 2022. Defendants did not appear at any of them. At the February 22, 2022 conference, the court set an April 12, 2022 hearing on an order to show cause why defendants should not be sanctioned for their failure to appear. The minute order setting the hearing warned defendants if they did not appear on April 12, 2022, the court would consider striking their answer and entering default. Defendants appeared at the April 12, 2022 case management conference, and the court set another case management conference for June 21, 2022. The order to show cause was not continued to a later date.

When defendants did not attend the June 21, 2022 case management conference, the trial court ordered their answer stricken and entered default as to all three defendants. Plaintiff served defendants with notice of the ruling.

Almost a year later, a default prove-up hearing was held, at which plaintiff sought damages of $568,455.20, consisting of $67,805.20 in special damages, $500,000 in general damages for lingering pain, and $650 in costs. After hearing the evidence, the trial court awarded judgment in plaintiff's favor and against defendants in the amount of $361,154.20, which included $360,504.20 in damages and $650 in costs. Judgment was entered and Defendants timely appealed.

## DISCUSSION

Defendants appeal the judgment and entry of default, contending: (1) the default judgment should be vacated because the statement of damages served with the complaint was not signed; (2) the

default judgment is void because it was improperly entered on a de facto amendment of the complaint; (3) the trial court's entry of default was void because it was entered without notice; and (4) the complaint failed to state a cause of action.

## I.

### UNSIGNED STATEMENT OF DAMAGES

Plaintiff's complaint sought to recover for personal injury. Pursuant to Code of Civil Procedure section 425.10, subdivision (b),[1] "where an action is brought to recover actual or punitive damages for personal injury . . . the amount demanded *shall not be stated . . . .*" (Italics added.) Instead, the plaintiff *shall provide a statement of damages* at the defendants' request or, if there is no request, the plaintiff must serve a statement of damages before a default is taken. (§ 425.11, subds. (b) and (c), italics added.) If, as here, the statement of damages is served before defendants have appeared in the action, it must be served in the same manner as a summons. (§ 425.11, subd. (d)(1).) Defendants do not dispute that the statement of damages was personally served with the complaint in compliance with section 425.11. They argue, however, that plaintiff's statement of damages was invalid because it was not signed. In support of their argument, defendants cite to California Rules of Court, rule 7.103(a) and section 128.7, subdivision (a). Neither provision supports the argument.

California Rules of Court, rule 7.103(a) governs the filing of documents in probate proceedings and has no application here. (Cal. Rules of Court, rules 7.2 & 7.103.) Section 128.7 "authorizes trial courts to impose

---

[1] All further statutory references are to the Code of Civil Procedure.

sanctions to check abuses in the *filing* of pleadings, petitions, written notices of motions or similar papers." (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 514, italics added; see *Optimal Markets, Inc. v. Salant* (2013) 221 Cal.App.4th 912, 920, italics added ["t]he primary purpose of [§ 128.7] is deterrence of *filing* abuses"].) By its terms, section 128.7 applies to "pleading[s], petition[s], written notice[s] of motion, or other similar paper[s]" (*id.*, subds. (a) & b) that are "presented" to the court (*id.*, subd. (b)). "By presenting" any of these signed documents "to the court," the signatory certifies the claims, defenses, and other legal contentions asserted in the document are warranted by existing law, have evidentiary support, and are not being presented primarily for an improper purpose. (*Ibid.*)

A statement of damages in a personal injury action is not a "pleading, petition, written notice of motion, or other similar paper" *presented* to the court. (§ 128.7, subds. (a) & (b).) By statute, it may not even be included in the complaint. (§ 425.10, subd. (b).) It must be served on the defendant, either at the defendant's request (§ 425.11, subd. (b)) or, if no request has been made, before a default is taken (*id.*, subd. (c)). It is a mandated disclosure, and "disclosures" are specifically excepted from the signature requirements imposed by section 128.7. (§ 128.7, subd. (g).)

"[T]he purpose of a section 425.11 statement of damages is essentially identical to that of the statement of damages required in all non-personal injury complaints [citation]; that is, to insure 'fundamental fairness' by giving a defendant notice of the maximum amount of damages for which he may be liable before he is subjected to a default judgment." (*Damele v. Mack Trucks, Inc.* (1990) 219 Cal.App.3d 29, 41, fn. omitted; see *Weakly-Hoyt v. Foster* (2014) 230 Cal.App.4th 928, 933 ["'Section 425.11 was designed to give defendants "one last clear chance" to respond to allegations of complaints

5

by providing them with "actual" notice of their exact potential liability'"].) The unsigned statement of damages plaintiff served on defendants satisfied the purpose of a statement of damages by giving defendants notice of the amount of damages plaintiff was seeking.

Even if plaintiff's statement of damages were subject to the requirements of section 128.7, an unsigned statement of damages is "an irregularity, rather than a 'nullity.'" (*Board of Trustees v. Superior Court* (2007) 149 Cal.App.4th 1154, 1164.)[2] Plaintiff's statement of damages was legally valid.

## II.

### DE FACTO AMENDMENT

Defendants argue the default judgment is void because it is based on de facto amendments of the complaint. Defendants identify two purported de facto amendments. First, defendants argue a claim for any amount of damages was a de facto amendment of the complaint because the unsigned statement of damages was invalid. This argument fails because, as set forth above, the unsigned statement of damages was not invalid.

Second, defendants argue "the issue of offsets by the insurance company . . . and its interplay with the pending worker's compensation claim by the Defendant, was a de facto amendment of a material nature." The

---

[2] Defendants make two additional arguments based on the allegedly invalid statement of damages, claiming: (1) the default judgment was void because it exceeded the amount stated in the complaint (on the theory zero damages were stated because the statement of damages was invalid); and (2) there was insufficient evidence to support the judgment (on the theory the statement of damages was invalid, so there was no request for damages). Each argument fails because it rests on the false premise that the unsigned statement of damages was invalid.

record on appeal does not contain any evidence of a workers' compensation claim by any of the defendants, and defendants do not elaborate on this indecipherable argument other than to cite two cases, *Ostling v. Loring* (1994) 27 Cal.App.4th 1731 and *Engebretson & Co. v. Harrison* (1981) 125 Cal.App.3d 436. Both cases address default judgments where the amount awarded was greater than what was demanded in the complaint. That is not the situation here. "'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.'" (*Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 418.)

III.

D<span style="font-variant:small-caps">UE</span> P<span style="font-variant:small-caps">ROCESS</span> R<span style="font-variant:small-caps">IGHTS</span>

On February 22, 2022, the trial court warned defendants if they failed to appear at the case management conference on April 12, 2022, it might strike their answer and enter their defaults. Defendants appeared on April 12, 2022. The court set another case management conference for June 21, 2022, but did not issue a similar warning. When defendants did not appear at that case management conference, the court struck their answer and entered their defaults.

Defendants argue they were not given notice or an opportunity to be heard, so the order striking their answer and entering default violated due process. "'The essence of due process is the requirement that "a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it."' [Citations.] The opportunity to be heard must be afforded 'at a meaningful time and in a meaningful manner.'" (*Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 212.) Citing *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199 (*Sole*),

7

defendants argue the claimed due process violation renders the default order void. Not so.

Even if there were a due process violation, the default order would be voidable, not void. Although *Sole* used the term void, four years later in *Johnson v. E-Z Ins. Brokerage, Inc.* (2009) 175 Cal.App.4th 86, another panel of this court clarified that an order striking an answer and entering default without notice is *voidable*, not void: "'[N]o issue was raised in *Sole* about the timeliness of the motions for relief from the invalid orders. In using the term "void," the court in *Sole* did not have to distinguish void or voidable orders' . . . . [¶] The default and default judgment against [defendant] were not void, but at most were voidable, because the trial court had fundamental jurisdiction over the parties and the subject matter." (*Id*. At p. 99.) As acknowledged in *Johnson*, an order is void when the court lacks jurisdiction over the subject matter or parties and voidable if it resulted from the court's failure to follow proper procedure. (*Id*. at p. 98; see *Lee v. An* (2008) 168 Cal.App.4th 558, 565–566.)

Although a void order may be set aside at any time (§ 473, subd. (d)), a voidable order "must be challenged within the six-month time limit prescribed by section 473, subdivision (b), or by an independent action in equity." (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1021.) "The six-month time limit for granting relief under section 473 is jurisdictional and relief cannot be granted under section 473 if the application for such relief is instituted more than six months after the entry of the judgment, order or proceeding from which relief is sought." (*Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 735, fn. 3.)

The trial court struck defendants' answer and entered their defaults on June 21, 2022. Defendants did not move to set aside the defaults

within the required six-month period. They did not make any due process argument until this appeal, which was filed on July 3, 2023—more than a year after their defaults were entered. Accordingly, even if the court's default order amounted to a due process violation, defendants forfeited any due process argument by failing to act within six months.

In addition, "[w]here, as here, the defaulting party takes no steps in the trial court to set aside the default judgment, appeal from the default judgment presents for review only the questions of jurisdiction and the sufficiency of the pleadings." (*Corona v. Lundigan* (1984) 158 Cal.App.3d 764, 766–767.) Lack of due process is a voidable, i.e., non-jurisdictional, issue.

## IV.

### COMPLAINT

Defendants argue the default judgment should be reversed because the complaint failed to state a cause of action. The argument is not supported by reasoned argument or citations to authority. "'[W]here a point is merely asserted by [appellant] without any [substantive] argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion.' [Citation.] 'Issues do not have a life of their own: if they are not raised or supported by [substantive] argument or citation to authority, we consider the issues waived.'" (*Holden v. City of San Diego, supra,* 43 Cal.App.5th at p. 418.) Defendants forfeited the argument that the complaint failed to state a cause of action.

## DISPOSITION

The judgment is affirmed. Plaintiff shall recover costs on appeal.


GOODING, J.

WE CONCUR:


O'LEARY, P. J.


DELANEY, J.