**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR D. MOLINA, | No. 18-15599 |
| Petitioner-Appellant, | D.C. No. 4:16-cv-00207-JST |
| v. | |
| ROBERT W. FOX, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jon. S. Tigar, District Judge, Presiding

Submitted June 9, 2020**
San Francisco, California

Before:  SMITH and HURWITZ, Circuit Judges, and ROYAL,*** District Judge.

Hector Molina appeals the district court's denial of his petition for a writ of

habeas corpus, filed pursuant to 28 U.S.C. § 2254, challenging two murder

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable C. Ashley Royal, Senior United States District Judge for the Middle District of Georgia, sitting by designation.

convictions. We issued a certificate of appealability on the issue of whether the convictions for the second-degree murder of Lisa Thayer (count eight) and first-degree murder of Rico McIntosh (count nine), which were committed by Molina's co-conspirators while he was in custody, were supported by sufficient evidence. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review the district court's denial of a § 2254 motion de novo, *Avena v. Chappell*, 932 F.3d 1237, 1247 (9th Cir. 2019), and we affirm.

An applicant is "entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). In denying § 2254 habeas relief, the district court appropriately held under the Antiterrorism and Effective Death Penalty Act that the California Court of Appeal did not make an unreasonable determination of fact or apply *Jackson* unreasonably in sustaining Molina's murder convictions on counts eight and nine. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Considering the evidence in the light most favorable to the state, the evidence presented at trial was sufficient for the jury to find the essential elements of the two murder convictions under California conspiracy law beyond a reasonable doubt. *Jackson*, 443 U.S. at 324. The jury heard sufficient evidence that Molina was an active participant in an on-going conspiracy to murder rival gang

members which continued after he was arrested and from which he never withdrew. *See People v. Vega-Robles*, 224 Cal. Rptr. 3d 19, 64-65 (Cal. Ct. App. 2017); *see also People v. Smith*, 337 P.3d 1159, 1166-67 (Cal. 2014). The jury convicted Molina of the conspiracy to commit murder and assault (count four). The evidence sufficiently showed that the murders in counts eight and nine were the natural and probable consequences of that conspiracy. Molina does not challenge the conspiracy conviction.

Molina also claims that the first-degree murder of McIntosh was not a natural or probable consequence of the conspiracy. But, because a target offense for the unchallenged conspiracy conviction is murder, there is a sufficient connection between his culpability and the perpetrator's premeditative state. *See People v. Rivera*, 184 Cal. Rptr. 3d 801, 805-06 & n.4 (Cal. Ct. App. 2015).

**AFFIRMED.**