Filed 4/11/23  Minner v. Heller CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| PATRICK MINNER, | B312821 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC511769) |
| v. | |
| JOEL HELLER et al., | |
| Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Randolph Hammock and Theresa M. Traber, Judges.  Affirmed.

Patrick Minner, in pro. per, for Plaintiff and Appellant.

Spiwak & Iezza, LLP and Nick Iezza for Respondents Joel Heller and Richard Heller.

No appearance for Respondent Terry Smith.

————————

Patrick Minner filed this action against Washington Motors, LLC, alleging the car dealership sold him a defective car.

In this, his second appeal, Minner challenges the trial court's order dismissing three individual defendants who were not served with the summons and complaint within three years, as required by Code of Civil Procedure section 583.250.[1]

Minner argues that the trial court erred in dismissing the complaint against the three individual defendants under section 583.250; that by serving the complaint on Washington Motors he effectively served the individual defendants; that the time he had to serve the individual defendants was tolled because of fraud and while his prior appeal, *Minner v. Washington Motors, Inc.* (Jan. 20, 2020, B277545) [nonpub. opn.] (*Minner I*), was pending; that the trial court was biased against him; and that our decision in his prior appeal determined the service issue in his favor. Because none of these arguments has merit, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

A.    *Minner Files This Action Against Washington Motors*
Minner filed this action on June 17, 2013 against Washington Motors and Carfax, Inc. Minner alleged that in June 2011 he bought a used car from Washington Motors, but that within weeks the car experienced mechanical problems. Minner eventually asked Washington Motors to rescind the sales contract and refund his money, but the dealership refused.

On September 9, 2015 the trial court granted Carfax's motion for summary judgment and subsequently entered judgment in favor of Carfax. On February 29, 2016 Minner amended his complaint to substitute Terry Smith, Richard

---

[1]    Undesignated statutory references are to the Code of Civil Procedure.

2

Heller, and Joel Heller as Doe defendants. On April 19, 2016, however, the trial court granted a motion by the Hellers to quash service of the summons and struck the Doe amendments naming them as defendants. Minner never served Smith.[2] Washington Motors remained a defendant.

On May 24, 2016 Minner, after advising the court he had just been released from the hospital, did not appear at the final status conference and trial, which had been set for that date. The trial court (Judge Debre Katz Weintraub) dismissed Minner's action without prejudice under section 581, subdivision (b). After denying a motion by Minner for reconsideration, the trial court entered judgment in favor of Washington Motors on August 11, 2016. Minner appealed from the judgment, and we reversed, holding the trial court should have continued the trial to allow Minner to recover after his hospitalization. We stated: "Minner's hospitalization interfered with his ability to prepare for trial. If an attorney had requested a short trial continuance because he or she was in the hospital in the days leading up to a trial, any reasonable judicial officer would have granted that attorney a continuance. The trial court's refusal to extend that same courtesy to Minner was an abuse of discretion." (*Minner I, supra*, B277545.)

B. *The Trial Court Dismisses Smith and the Hellers*

On remand the case was assigned to a different judge (Judge Randolph Hammock), who on December 18, 2020 held a

---

[2] According to a document filed in the trial court by counsel for Washington Motors, Smith "moved out of state years ago" and has not been affiliated with Washington Motors since the dealership ceased operations in 2013.

trial setting conference. At the hearing, the court issued an order to show cause regarding why the court should not dismiss Smith and the Hellers for Minner's failure to timely serve them with the summons and complaint. Before the hearing on the order to show cause, however, the case was transferred to a third judge (Judge Theresa Traber) on January 19, 2021.

On February 16, 2021 the trial court dismissed Smith and the Hellers. The trial court found "nothing in the record reveals that Terry Smith was ever served with the summons and complaint in this action [and] it has been more than three years since the action was filed . . . . [A]ny service now would be untimely." Regarding the Hellers, the trial court stated that the "April 19, 2016 ruling granting the Heller defendants' motion to quash invalidated [Minner's] service on these defendants" and that "the time for serving the Heller defendants with process in this action expired." The court calculated that, when the Hellers were (defectively) served on March 3, 2016, "the period for service under the statute" was tolled "with 106 days to spare" (based on the June 17, 2013 filing date of the complaint). But, the court concluded, assuming the April 19, 2016 order granting the Hellers' motion to quash re-started the service clock, the time to serve the Hellers expired on August 3, 2016, which was before the trial court entered a judgment of dismissal on August 11, 2016. The court added that, "even now, more than 7½ years since this action was filed, [Minner] has still failed to file with the Court any proof of service of the summons and complaint on the Heller defendants as required."

4

The trial court entered a signed order of dismissal, and Minner timely appealed.[3]  The notice of appeal states Minner is appealing from the order of dismissal under section 583.250, as well as "every other order ever issued in the lower court from July 13, 2013 to February 16, 2021," and the April 19, 2016 order granting the motion by the Hellers to quash service of summons.

## DISCUSSION

A.  *The Trial Court Did Not Err in Dismissing the Complaint Against Smith and the Hellers Under Section 583.250*

"Section 583.210, subdivision (a), provides that a summons and complaint 'shall' be served upon a defendant within three years after the action is commenced.  Section 583.250, in turn, provides that the action 'shall' be dismissed if service is not made within the statutorily prescribed time and that the foregoing requirements 'are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute.'" (*Watts v. Crawford* (1995) 10 Cal.4th 743, 748; accord, *Steciw v. Petra Geosciences, Inc.* (2020) 52 Cal.App.5th 806, 811.)  For Doe defendants like Smith and the Hellers, the three-year time period runs from the date the plaintiff filed the original complaint, not the date the plaintiff substituted in the named defendants for Doe defendants.  (See *Inversiones Papaluchi S.A.S. v. Superior*

---

[3]     After he filed his notice of appeal, Minner filed a motion for clarification of the court's February 16, 2021 order.  The trial court denied the motion as procedurally defective, untimely, and not based on new facts or law.

5

*Court* (2018) 20 Cal.App.5th 1055, 1061 ["a plaintiff has three years from the date of filing the complaint to identify and serve a Doe defendant"]; *Higgins v. Superior Court* (2017) 15 Cal.App.5th 973, 982 ["even where the filing of an amended complaint on a Doe defendant relates back to the filing of an original complaint, the plaintiff must nonetheless identify and serve a Doe defendant with a summons and complaint within three years of the commencement of the action"]; *Lopa v. Superior Court* (1975) 46 Cal.App.3d 382, 387 ["as to a defendant named in the original complaint by a fictitious name the action commences for purposes of [the predecessor to section 583.210] on the date of the filing of the complaint"].) We review an order dismissing the defendant for failure to serve the complaint within three years for abuse of discretion. (See *Busching v. Superior Court* (1974) 12 Cal.3d 44, 53 [predecessor to section 583.250]; *Republic Corp. v. Superior Court* (1984) 160 Cal.App.3d 1253, 1258 [same].)

The trial court properly ruled dismissal under section 583.210 was mandatory because Minner did not serve Smith and the Hellers with the summons and complaint within three years after Minner filed his complaint on June 17, 2013. As of February 16, 2021, Minner had not properly served them with the operative complaint. That's more than seven and a half years.

Minner argues service of the summons and complaint on Washington Motors gave the Hellers notice of the lawsuit under Civil Code section 2332. Civil Code section 2332 does not apply. That statute states: "As against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other." Section 2332 codifies a

6

general agency principle; it has nothing to do with serving a summons and complaint. And even if it did, the time to make an argument based on that statute was in 2016 in opposition to the Hellers' motion to quash (or on appeal from the trial court's order granting that motion, which did occur).

Minner suggests he did not have to serve the Hellers while the appeal in *Minner I* was pending. Section 583.240, subdivision (b), excludes the time the "prosecution of the action or proceedings in the action was stayed and the stay affected service." That provision, however, did not apply because, although Minner's action against Washington Motors was stayed for three and a half years (from September 8, 2016 to March 27, 2020) while the first appeal was pending, his action against other defendants was not stayed (i.e., the stay created by the ultimately successful appeal from the judgment in favor of Washington Motors did not affect Minner's obligation to serve the complaint on the other defendants). (See *Hedwall v. PCMV, LLC* (2018) 22 Cal.App.5th 564, 580, fn. 11 ["the automatic stay does not suspend trial court proceedings on the remaining components of the litigation, for example, claims against other parties . . . not resolved by the judgment or order under appeal"]; *Williams v. Los Angeles Unified School Dist.* (1994) 23 Cal.App.4th 84, 101 [section 583.420, subdivision (b), does not apply where the "suspension of proceedings . . . does not affect service of process"].) And even if it did apply, the three-year period expired before the court entered the judgment (on August 11, 2016) from which Minner (on September 8, 2016) appealed. In addition, although section 583.240, subdivision (c), which excludes the time spent litigating the "validity of service," applied during the time the parties were litigating the Hellers' motion to quash, that was

7

less than a month (from March 23, 2016 to April 19, 2016). Excluding that month does not change the result.

Citing a statute of limitations case, *Regents of University of California v. Superior Court* (1999) 20 Cal.4th 509, Minner argues in his reply brief the time to serve the Hellers with the complaint under section 583.210 was tolled because of their fraudulent concealment. Even assuming fraudulent concealment is a ground for excluding the time within which the plaintiff must serve a defendant,[4] Minner has not shown any fraud on the part of the Hellers or Washington Motors. He argues only that "over the past 10 years [the Hellers have] attempted every underhanded method imaginable in order to prolong this matter." Not making it easy for a plaintiff to serve and prosecute a civil action is not fraud.

Nor is there merit to Minner's conclusory assertion the trial court exhibited racial bias or animosity toward him because "courts are disgruntled because [he] is a pro se [litigant] or because he is of African descent." There is nothing in the record to support these allegations, and Minner admits that on this

---

[4] Section 583.240 lists four "conditions" during which the time the plaintiff has to serve the defendant is excluded. Fraud by the defendant is not one of them. (See *Watts v. Crawford, supra*, 10 Cal.4th at p. 745 ["[s]ection 583.240 provides . . . for the tolling of the three-year period under a number of specified circumstances"]; *Inversiones Papaluchi S.A.S. v. Superior Court, supra*, 20 Cal.App.5th at pp. 1061-1062 [while the "Legislature has articulated four conditions that toll the time for service" in section 583.240, those "conditions 'must be construed strictly against the plaintiff'"]; see also *Crane v. Dolihite* (2021) 70 Cal.App.5th 772, 792.)

claim "he can only speculate." (See *Guardianship of Baby Boy M.* (1977) 66 Cal.App.3d 254, 278 [reviewing court will not "impute judicial misconduct upon the mere speculation of the parties" where "nothing in the record suggests that the court's decision was prompted by improper or retaliatory designs"]; see also *People v. Chatman* (2006) 38 Cal.4th 344, 364 [courts ""presume the honesty and integrity of those serving as judges""].) Even the court's prior erroneous dismissal of Minner's case, which was by a different judge and which we reversed, does not reflect any bias. (See *Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674 ["mere fact that the trial court issued rulings adverse to [the appellant] on several matters in this case, even assuming one or more of those rulings were erroneous, does not indicate an appearance of bias, much less demonstrate actual bias"]; *Moulton Niguel Water Dist. v. Colombo* (2003) 111 Cal.App.4th 1210, 1219 [a "judge necessarily makes and expresses determinations in favor of and against parties," and not "every statement a judge makes to explain his or her reasons for ruling against a party constitutes evidence of judicial bias"].)

Minner also argues our decision in *Minner I* reversed the orders granting the Hellers' motion to quash and Carfax's motion for summary judgment and brought all defendants back into the case. Although Minner claims that in *Minner I* he "appealed and asked for review of every discovery order issued" and that we "reviewed, agreed, and ruled in [his] favor," that is not what happened. The issue in *Minner I* was limited to whether the trial court abused its discretion in dismissing the case against Washington Motors for Minner's failure to appear at trial. We agreed with Minner that the court erred in dismissing his complaint against Washington Motors, but that was all. We did

not review, consider, or express any opinion on the prior orders granting motions by other defendants. (See *Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 846 ["'Our jurisdiction is "limited in scope to the notice of appeal and the judgment [or order] appealed from."'"]; *Conservatorship of Edde* (2009) 173 Cal.App.4th 883, 890 [reviewing court's "analysis is limited only to review of the order" identified in the notice of appeal].)

Because Minner failed to serve the Hellers within three years, and neither tolling under section 583.240 nor our decision in *Minner I* excused his failure to serve them, dismissal under section 583.250 was mandatory. The trial court did not err in doing what the statute requires. (See *Board of Supervisors v. Superior Court* (1994) 23 Cal.App.4th 830, 845 ["In general civil actions, service of summons must be made within three years. . . . Failure to do so results in a mandatory dismissal of the action"].)[5]

B. *Minner Cannot Challenge the Trial Court's 2016 Order Granting the Hellers' Motion To Quash*

As stated, Minner's notice of appeal states he is appealing from, among other things, the trial court's April 19, 2016 order granting the Hellers' motion to quash service of summons. Minner's attempt to appeal from that order, however, is

---

[5] On September 8, 2021 Washington Motors filed a notice of stay of proceedings because it had filed for bankruptcy. Contrary to Minner's argument, this notice did not remove Washington Motors from the case; it only stayed the case against Washington Motors. (See *Strobel v. Johnson & Johnson* (2021) 70 Cal.App.5th 796, 829 [bankruptcy filing in federal court automatically stays a state action pending against the debtor].) Minner has all the rights and remedies of a creditor in his position in the bankruptcy proceeding.

untimely.  An order granting a motion to quash is appealable. (§ 904.1, subd. (a)(3); see *Humphrey v. Bewley* (2021) 69 Cal.App.5th 571, 577 ["[T]he statute is unambiguous.  It states flatly that an order granting a motion to quash service of summons is appealable."].)  The trial court entered that order almost five years ago, and we lack jurisdiction to review it now. (See Cal. Rules of Court, rule 8.104(a) [where there is no notice of entry of the judgment or order, the appellant must file a notice of appeal on or before 180 days after entry of judgment or order]; see also *Marshall v. Webster* (2020) 54 Cal.App.5th 275, 279 ["The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal. . . . Thus, 'an aggrieved party must file a timely appeal or forever lose the opportunity to obtain appellate review.'"].)

Minner's notice of appeal also states he is seeking review of "every other order ever issued in the lower court from July 13, 2013 to February 16, 2021."  Although we liberally construe a notice of appeal (*K.J. v. Los Angeles Unified School District* (2020) 8 Cal.5th 875, 882; *In re J.F.* (2019) 39 Cal.App.5th 70, 75; Cal. Rules of Court, rule 8.100(a)(2)), Minner's notice of appeal, even liberally construed, does not include any orders other than the February 16, 2021 order dismissing the complaint against Smith and the Hellers.  "[I]t is well 'beyond liberal construction' to view an appeal from one order as an appeal from a 'further and different order.' . . . 'Despite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment being appealed.'  [Citation.]  'The rule favoring appealability in cases of ambiguity cannot apply where there is a clear intention to appeal from only . . . one of two separate

11

appealable judgments or orders.'" (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 225-226; see *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173 ["[t]he policy of liberally construing a notice of appeal in favor of its sufficiency . . . does not apply if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all"].)

## DISPOSITION

The order of dismissal is affirmed.  The Hellers are to recover their costs on appeal.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.